## THE STATE *vs.* MOSIER.

On the trial of a complaint for keeping spirituous liquors with intent to sell the same, in violation of the ninth section of the statute entitled " An act for the suppression of intemperance," the defendant claimed that he bought the liquor in question in New York, and brought it into this state, as the agent of R. The prosecutor denied this and claimed to have proved that the defendant furnished to R., and demanded of him payment for, a part of the liquor, and acknowledged that he had a further quantity which he was keeping for him.

The court thereupon instructed the jury that upon such facts being proved by the state, the burden of proof was thrown upon the accused to show that he acted as the agent of R., and that the agency, if there was one, was one in fact and *bona fide,* and not of form merely, under cover of which the statute might be evaded. Held, that such instruction was erroneous and constituted a sufficient ground for granting a new trial.

THIS was a complaint preferred by Prentiss Williams, a grand-juror of the town of Montville, to a justice of the peace, against Samuel Mosier, for selling and keeping spirituous liquor contrary to the statute. The complaint contained two counts; the first charging the defendant with having on the 28th day of August, 1855, sold spirituous and intoxicating liquor; and the second, with keeping such liquor with intent to sell the same.

The defendant appeared at the justice's court, and demurred to the complaint. The justice overruled the demurrer, and found the defendant guilty on both counts, and sentenced him to pay the fines imposed by the statute for each offence. From this judgment he appealed to the superior court, held in November, 1855, at which term the complaint was tried upon the plea of not guilty.

In support of the second count of said complaint, the prosecutor introduced as witnesses, one Richards and his wife, who testified substantially, " that Mosier had called on said Richards, and said that he was going to New York to purchase liquor for himself and other parties, and intended to go backwards and forwards and accommodate the neighborhood, and wished to know if they desired him to procure any for them; and that Richards asked him to buy two gallons of liquor for him. That subsequently, on the return of Mosier, Richards sent to him and received two quarts of liquor, which he understood Mosier had bought for him; and afterwards the accused asked him to pay for what he had taken, and further inquired when he intended to call for the remainder."

The defendant claimed that the evidence did not prove a sale of spirituous liquor, or a keeping with intent to sell, but an agency merely; that it did not appear that Mosier had

any liquor except the two gallons purchased for Richards, and that that was purchased *bona fide* by Mosier for Richards in New York. He thereupon requested the court to instruct the jury in conformity with this claim.

The judge did not comply with this request, but charged the jury substantially as follows: "At the time when the offence charged is alleged to have been committed, contracts for the sale and purchase of spirituous liquor were lawful in the state of New York, and any person might go there and purchase such liquor, if he chose. And when so purchased, if not intended to be sold, the purchaser might bring it into this state and keep it, without violating the statute. And what a person might do himself, he might do by another as his agent. If therefore, Mosier did purchase, *bona fide*, as the agent of Richards, two gallons of spirituous liquor, whether the money was advanced by Richards or not, and having so purchased it, had it his possession in this state, as agent only, there could be no keeping with intent to sell, and the prisoner should be acquitted. But while this is so, the agency must be one in fact, and not in form only; a real agency, and not a cover to evade the statute. It is for the jury to find whether there was any agency at all, and if there was, whether it was a real or pretended one. No reason is assigned why, if there was an agency for the purchase of two gallons of liquor, it was not delivered by Mosier, or called for by Richards; nor does it appear that that specific quantity was purchased by itself, or that it was otherwise purchased than as part of a cask-full, which was never measured out or set apart for Richards.

I think that in this case, where the state, in connection with the other circumstances shown, proved the delivery of spirituous liquor by Mosier to Richards and the demand of payment therefor, and an acknowledgment that he had a further quantity, which he was keeping for him, the burden of proof was thrown upon Mosier, to show that he acted in all this as the agent of Richards, and that the agency, if there was one, was one in fact, and *bona fide*, and not of form merely, under cover of which the statute might be evaded."

The jury rendered a verdict of guilty on the second count, and the defendant moved for a new trial, on the ground that the charge was erroneous, and also that the verdict was against evidence.

*Wait* and *Converse* in support of the motion.

In criminal prosecutions, the *onus probandi* rests upon the prosecutor, of establishing the guilt of the accused.    Making a *prima facie* case does not necessarily change the burden of proof, or take away from the accused the presumption of innocence.    Therefore the instruction of the court to the jury that, certain facts having been proved by the state, it was incumbent on the accused to show that his agency was one in fact and not in mere form, was incorrect and calculated to influence the minds of the jury unfavorably to the accused.    *The United States* v. *Gooding*, 12 Wheat., 460. *Commonwealth* v. *Kimball*, 24 Pick., 366.    *Commonwealth* v. *Dana*, 2 Met., 329.    *People* v. *Bodine*, 1 Denio, 281.    1 Stark. Ev., 449.

*Willey*, (state's attorney,) and *Merriam*, contended that there was no error in the charge, and cited *Barry* v. *The State*, 19 Conn. R., 398.    *Commonwealth* v. *Nichols*, 10 Met., 259.

ELLSWORTH, J.    We think there must be a new trial, in consequence of the manner in which the case was submitted to the jury.    Upon the other point, whether the verdict is against evidence, we forbear to express our opinion, as the case must go back for another trial, and the evidence on the second trial may not be the same as on the first.

The difficulty with the charge is this.    The judge stated, that under the circumstances enumerated, there was, in law, a *prima facie* case against the accused, and that the burthen of proof was on him, to show that he was not in fact guilty ; in other words, to show that he was the *bona fide* agent of Richards, and not one of form only, under cover of which the statute might be violated.    The circumstances mentioned might in the minds of the jury have been satisfactory evidence as to the character in which the defendant had

acted, and of his real guilt; and if the judge, in commenting on these circumstances, had presented them only in that view, as evidence tending to prove a fact in issue, and not as constituting a *prima facie* case in law, shifting the burthen of proof from the state to the accused, the error complained of would not have occurred; but this he did not do. After the evidence was all in, the jury should have been told, that it was the duty of the prosecutor to prove the material allegations set out in the complaint, and that if, after duly considering the evidence on both sides, they were satisfied of the guilt of the accused, they should return a verdict against him; but if not, then in his favor. It was not correct to take a portion of the evidence, and to say upon the strength of it, that the burthen of proof was on the accused, and that if he did not prove his innocence he was to be found guilty.

We advise a new trial.

In this opinion the other judges, STORRS and HINMAN, concurred.

A new trial to be granted.