## STATE *v.* PATRICK HASSETT.

*Intoxicating Liquor. What is furnishing..*

1. One who buys intoxicating liquor with the money of another and takes it to him with intent that it be shared between them, is guilty of an act of furnishing under the statute.

2. *Held,* that the testimony in this case tended to show both a sale and a furnishing, and that the court below properly refused to direct a verdict.

Complaint for selling, furnishing and giving away intoxicating liquor, appealed from the judgment of a justice. Trial by jury at the March term, 1891, Washington County, Munson J., presiding. Verdict, guilty of one offense. The respondent excepts.

The respondent moved the court to direct a verdict for that there was no evidence tending to establish the offense alleged, and excepted to the action of the court in overruling said motion.

The nature of the evidence appears in the opinion.

He also excepted to the following charge of the court as to what would constitute a furnishing :

"For the purposes of this trial we instruct you that if the respondent procured, and knowingly transported to the witness Ewing, the liquor testified to by Ewing, from the place where it was procured to the place where it was used, knowing at the time he undertook to procure and bring it, that after being so brought it was to be shared between him and the witness Ewing, in the manner which the testimony tends to establish, the respondent is guilty of an offense under the statute."

*Wing and Fay* for the respondent.

*Zed S. Stanton,* State's Attorney, for the State.

TAFT J. delivered the opinion of the court.

1. If there was any evidence in the case tending to

show an offense under the statute forbidding the sale, furnishing or giving away of intoxicating liquor, it was the duty of the court to submit the case to the jury.

The witness Ewing testified " I asked him (respondent) if he would let me have a pint of whiskey and he said he would," and in answer to the inquiry, " Did you pay him for it" said, " Yes sir, I gave him a quarter." This testimony tended to establish a sale .The witness further testified that he gave the respondent the quarter, before the latter went for the whiskey, and that he was gone some ten, fifteen, or twenty minutes, and returned bringing the whiskey. It was a fairly debatable question upon the evidence, whether the respondent owned the whiskey that he went after, or whether he went out as the agent of the witness, and purchased it of some third party. If it was his own he went and got, the transaction was a sale ; if he bought it of another, procured it for the witness and took it to him, it was a furnishing. In this latter aspect of the case, the testimony tended to establish a furnishing. There being evidence in the case to establish both a sale and a furnishing, the motion to order a verdict for the respondent was properly overruled. There was ample evidence to show either a sale or furnishing, and it was for the jury to say whether it was the one or the other.

2. That part of the charge excepted to, was applicable to the testimony tending to show a furnishing; the facts stated therein, viz : that the respondent went for the whiskey and procured it for Ewing, and took it to him, paying Ewing's money for it to some third party, might have been very properly found from the testimony before us. Whether the whiskey was to be shared between the respondent and Ewing was immaterial. If Ewing had any part of it, that part was furnished him by the respondent. If the jury did not find a sale, but did find that the respondent furnished it as the testimony tended to show, a conviction for furnishing was warranted. The complaint was the usual one under Cap. 169 R. L. for selling, furnishing and giving

State *v.* Patrick Hassett.

away intoxicating liquors, the testimony tended to establish the offense of selling and furnishing, the charge complained of was applicable to the allegation of furnishing and was unobjectionable.

*The record upon inspection discloses no error, the exceptions are overruled, judgment of guilty, and sentence upon the verdict, and execution of the sentence ordered.*