CASE 59—INDICTMENT FOR VIOLATION OF LOCAL OPTION LAW—Sept. 25.

# Penner v. Commonwealth.

### APPEAL FROM BUTLER CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. AFFIRMED.

INTOXICATING LIQUORS—LOCAL OPTION—TRICK TO EVADE LAW—
AGENCY FOR SELLER.

Held: Defendant, being requested by others to purchase whisky
for them, took the money furnished by them, and placed it,
with empty bottles, on a rock, then walked out of sight, and
in a short time returned, and found the money gone, and the
bottles filled with whisky, which he delivered to the pur-
chasers. He testified that he was not interested in the sale,
and did not know who furnished the liquor; that he had no
understanding with any one that he was to receive compensa-
tion or reward for his services in procuring the whisky.
Held, that it was proper to instruct the jury that if the means
by which defendant procured the liquor was a device, trick,
or subterfuge resorted to by the owner to evade the local op-
tion law, and defendant, with knowledge thereof, did assist in
furnishing the liquor, they should find him guilty of violating
that law.

N. T. HOWARD, ATTORNEY FOR APPELLANT.

Appellant was a farmer living near Morgantown. On Sat-
urday he attended a barbecue near Morgantown, and there saw
a man, who, he was informed was selling whisky; the man
was a stranger and said to be from Grayson county. Appel-
lant was told that this man on the two following days would
sell whisky at a rock under the bluff near the river in the
suburbs of Morgantown. On Sunday morning, before break-
fast, John Tanner asked appellant if he knew where he
could get any whisky. Appellant told him he did not know
but would try. Tanner gave him the money and a bottle,
and he went to the rock under the bluff and laid the money and
bottle on the rock and retired out of view of the rock, and
in a few minutes returned and found the bottle filled with
whisky and money gone, and he brought the whisky and de-
livered it to Tanner. In a few minutes he did the same
thing for Day and Forsythe, bringing each of them a bottle

obtained in the same way, and for this last offense he was indicted and fined.

It appeared from the evidence on the trial that appellant had no interest in the whisky, did not know the man who was doing the selling, and that what he did was intended as an accommodation of Day and Forsythe, who were his personal and political friends. The objection is made to the third instruction given by the court to the jury: "That if the jury believe from the evidence that the defendant in procuring the liquor for Day and Forsythe, or either of them, if he did so procure, acted solely as their or his agent in buying it with the money furnished by them or him from the owner or custodian of said liquor and defendant, was not at the time the owner of, or in any way interested in said liquor, they should find him not guilty. But upon the other hand, if they believed from the evidence beyond a reasonable doubt that the defendant was himself in whole or in part the owner of said liquor, or that he, by the procurment or request of its owner, made or done by such owner or a third person in his behalf, effected the sale of said liquor to said Day and Forsythe, or either of them, or that by the means by which the defendant procured said liquor for Day and Forsythe or either of them, was a device, trick or subterfuge resorted to by the owner to evade the local option law in selling said liquor, and defendant with knowledge thereof did assist in furnishing said liquor to said Day and Forsythe or either of them, they should find him guilty."

We think this instruction makes the buyer *particeps criminis* with the seller, and in such case Day and Forsythe who employed appellant to procure the whisky for them would also become *particeps criminis*, and the defendant can not be convicted except upon the testimony of an accomplice which is forbidden by the Criminal Code and this will destroy the efficacy of the local option law.

NAT. A. PORTER, COMMONWEALTH ATTORNEY, AND ROBT. J. BRECK-INRIDGE, ATTORNEY-GENERAL FOR COMMONWEALTH.

The manner in which appellant, by his own admission obtained the whisky from the unseen man, the placing of the money and bottles and turning his back while they were filled and the money taken, described a trick, a device, a subterfuge which appellant must have known was for the purpose of evading the local option law and with this knowledge he lends himself to play a part in operating this scheme.

If parties, like appellant, are to be free to act as a go-between, or striker, or agent of some concealed man, and assist him in making sales and then upon a plea of not guilty, escape punishment, then the whisky peddler and "blind tiger" man, can congratulate himself upon the fact that at last he has found a safe subterfuge that affords perfect protection in his illegal traffic.

Kentucky Statutes, sections 2570, 2557; Chinn v. Com., 17 Ky. Law Rep., 1205; Adair v. Com., 21 Ky. Law Rep., 1819; Richardson v. Com., 11 Ky. Law Rep., 367; Skidmore v. Com., 22 Ky. Law Rep., 409.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

Appellant was convicted and fined $100 for selling whisky in violation of the local option law in Butler county. He complains upon this appeal that the trial court erred to his prejudice in the third instruction given to the jury, which is as follows: "If the jury believe from the evidence that the defendant, in procuring said liquor for said Day and Forsythe, or either of them, if he did so procure it, acted solely as their agent or his agent in buying it, with the money furnished by them or him, from the owner or custodian of said liquor, and defendant was not at the time the owner of or in any way interested in said liquor, they should find him not guilty. But, upon the other hand, if they believe from the evidence, beyond a reasonable doubt, that the defendant was himself, in whole or in part, the owner of said liquor, or that he, by the procurement or request of its owner, made or done by such owner or third person in his behalf, effected the sale of said liquor to said Day and Forsythe, or either of them, or that the means by which defendant procured said liquor for said Day and Forsythe, or either of them, was a device, trick, or subterfuge resorted to by the owner to evade the local option law in selling said liquor, and defendant, with knowledge thereof, did assist in furnishing said liquor to

said Day and Forsythe, or either of them, they should find him guilty as charged, and fix his punishment as provided in instruction No. 1." Day and Forsythe, to whom appellant is charged to have made the sale, testify, in substance, that they asked appellant if he could get them a quart of whisky, to which he responded that he thought he could; that he had obtained whisky that morning for another party, and supposed he could get it again; that each of them gave him a half dollar and a pint bottle; and that shortly thereafter he returned with two pints of whisky, which he delivered to them; that when he left them he went in the direction of Green river. Appellant testified in his own behalf that he took the money furnished him by Day and Forsythe, and went down under the bluff on Green river, and placed the money and empty bottles on a rock, then walked out of sight, and in a short time returned, and found the money gone, and the bottles filled with whisky; that he was not interested in the sale of the whisky, and did not know who furnished it; that he had no understanding with any one that he was to receive compensation or reward for his services in procuring the whisky. It is the settled policy of the law that no trick, subterfuge, device or pretense shall be permitted to shield violations or evasions of the local option laws in any county, town, city, precinct, or municipality in this Commonwealth in which such laws prevail. Section 2570 of the Kentucky Statutes. The device resorted to in this case to evade the operation of the local option law in that locality was the familiar one known as a "blind tiger," and if appellant was interested as the owner or otherwise in the whisky sold in the case, or knew that it was a device resorted to by the owner to evade the penalty for a violation of the local option law, and he aided the

owner to sell the whisky to third persons, he became the agent of the vendor in such illegal sale, notwithstanding he may have also represented the purchaser in the transaction.. Undoubtedly appellant constituted an important link in effecting the sale of the whisky. Without his ready information and assistance the purchasers would not have known of the existence of the blind tiger, and might not have been able to have effected the purchase. Certainly the owner of the blind tiger was by his assistance afforded a very safe means of conducting his nefarious business. If go-betweens in transactions of this sort are only to be treated as agents of the buyer, a most efficacious device for evading the law will have met with the approval of the courts. This is not in consonance with either the spirit or the letter of the statute. We think the instruction complained of properly defined the law. Judgment affirmed.

Chief Justice Paynter dissents.