JAMES WORTHAM *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Unlawful sale of intoxicants. Delivery. Agency.*
   - There is no agency in crime, and where intoxicating liquors are unlawfully sold, any person who makes delivery thereof to the buyer is guilty of unlawfully selling the same, and cannot escape on the ground that he was the agent of the purchaser. *Wiley* v. *State,* 74 Miss., 727, approved.

2. SAME. *Jury. Instruction to convict. Acts. Intent.*
   Where an act denounced by law is punishable, without regard to the spirit or intent with which it is done, the doing of the act is a crime, and in such case, tried upon an agreed statement of facts, the court may instruct the jury to convict, if they believe the facts set out in the statement.

FROM the circuit court of Harrison county.

HON. JAMES H. NEVILLE, Judge.

Wortham, appellant, was indicted, tried, and convicted for selling whisky unlawfully, and appealed to the supreme court.

The facts are fully stated in the opinion of the court.

*Bowers, Chaffe & McDonald* and *McWillie & Thompson,* for appellant.

Wortham was indicted for the sale of liquor under code 1892,

§ 1592, and not under §§ 1604 or 1605 for soliciting orders or acting as agent for either purchaser or seller.

The agreement acquits the appellant of interest in the transaction, and establishes the fact that the liquor did not belong to him, but to the person from whom he bought it; that he was not interested therein, nor in the profits of the sale, but acted solely as the agent, and at the request of Thames, for whom the liquor was purchased.

The crime denounced by the statute is the unlawful sale of liquor, not the unlawful purchase. The object of the statute was to punish the man who dealt, not the man who drank, and we respectfully insist that he who acts for the purchaser, and simply as his errand boy for the purpose of obtaining and returning the liquor unlawfully sold, has no connection whatever with the sale, and is only the *"alter ego"* of the purchaser.

This position was recognized by this court in the case of *Johnson* v. *State,* 63 Miss., 228, in which the appellant had purchased whisky jointly for himself and another, and had divided the liquor between himself and his copurchaser in proportion to the amount of money paid by each.

This conclusion accords with that reached by the supreme court of Alabama in *Young* v. *Stale,* 58 Ala., 358; a case similar in many respects to the one at bar, and finds affirmance in *Monaghan* v. *State,* 66 Miss., 513. The court said: "Undoubtedly a minor may be an agent or lawfully go on errands for an adult, and a person may buy through an agent, and in such case, there being no question of the fact of agency, although the dealing is with the agent, and the delivery is to him, in legal effect the sale is to the principal. The law is, that where a purchaser contracts as agent, or he is known to be such, the contract is with the principal and not with the agent. *Beck* v. *State,* 69 Miss., 217, is not at all like the case at bar.

Of course we are aware that the utterances in the case of *Wiley* v. *State,* 74 Miss., 727, are at variance with these views; but we respectfully submit that that case was ill considered,

the law inaccurately stated, and the sound and wise decision in the *Johnson case,* 63 Miss., 228, utterly ignored and overlooked.

In the case at bar it is admitted that the appellant owned no liquor; that he sold no liquor; that he had no interest in any liquor sold; that he derived no profit from the transaction, but that he paid out the money given him by his employer in the purchase of the liquor for which his employer had sent him.

We are told that all who aid in the commission of a misdemeanor are principals—a proposition that no one will deny—but we are not told how the person who acts as the agent of the purchaser aids the seller in the commission of the offense. If one should be a party to the sale, or acting for the seller by soliciting the trade, or in any way assisting in the unlawful disposition of the liquor, we can see how he would be a participator in the misdemeanor, but we cannot understand how he who acts for the purchaser, and merely as a messenger, assists in the sale of liquor any more than a purchaser does himself.

If this conviction be correct, we shall be led to some very queer results. A merchant opens his store on Sunday and sells a barrel of flour. The vendee will be guilty, not of buying, but of selling a barrel of flour on Sunday. If a lawyer has failed to pay his privilege tax, and a third person, knowing of that failure, employs him to attend to legal business, that person is guilty of practicing law without license. A woman who falls by seduction will be indictable for working her own ruin.

We wish to emphasize the point that the court below erred in giving the peremptory instruction for the state, even on agreed facts. The instruction given is a peremptory one because it directed the jury, if they believed the agreed facts, "they will (peremptorily) find the defendant guilty." The following authorities maintain that in criminal cases juries are the judges of the law as well as of the facts. The instruction took from the jury the right to decide the law applicable

to the agreed facts, and would have subjected them to being in contempt of court had they done so.

Bracton, who was chief justice under Henry II, says: "The jurors were necessarily the judges in all cases of life, limb, crime, and disherison of the heir in capite. The king could not decide, for he would have been both prosecutor and judge; neither could his justices, for they represent him." 1 Bract., 119. Littleton, about two hundred years later, declares: "If the jurors will take upon them the knowledge of the law upon the matter, they may give their verdict generally, as is put in their charge." 2 Litt., sec. 368. And, in 1628, Lord Coke said: "Although the jury, if they will take upon them the knowledge of the law, may give a general verdict, yet it is dangerous for them to do so; for, if they do mistake the law, they run into the danger of an attaint; therefore, to find the special matter, is the safest way, where the case is doubtful." 3 Co. Litt., 288, a.

In the case of *State of Georgia* v. *Brailsford,* in charging the jury, Chief Justice Jay, in 1794, said: "It may not be amiss here, gentlemen, to remind you of the good old rule that, on questions of fact, it is the province of the jury, and, on questions of law, it is the province of the court to decide. But it must be observed that by the same law which recognizes the reasonable distribution of jurisdiction, you have nevertheless the right to take it upon yourselves to judge of both, and to determine the law as well as the fact in controversy." 3 Dall. (U. S.), 4.

In 1806, in the case of *United States* v. *Smith and Ogden,* Judge Tallmadge said: "You have heard much said upon the right of the jury to judge of the law as well as the fact. The law is now settled that this right appertains to the jury in all criminal cases. In exercising this right, they attach to themselves the character of judges, and are as much bound by the rules of legal decision as those who preside on the bench." Smith and Ogden Trial, 236.

In . 1822, Richardson, Chief Justice of New Hampshire, in charging a jury, said: "It behooves us to aid you in these respects, though our remarks in the case are not binding, being yourselves, in this case, the judges of the law as well as of the facts; yet it deserves consideration whether it will be at all safe for you to depart from those legal principles which have been long adhered to in our courts of justice, and which were derived from that country where all our legal institutions originated." Blaisdell's Trial, 54.

Judge Prentice (Vt.), in 1829, said: "There is no doubt that, in criminal cases, the jury are the judges of the law as well as the fact. This is the true principle of the criminal law, and it is peculiarly appropriate to a free government, where it is unquestionably both wise and fit that the people should retain in their hands as much of the administration of justice as is consistent with the regular and orderly dispensation of it, and the security of person and property." *State* v. *Williams,* 2 Vt., 488.

Judge Kent, in 1804, said: "In every criminal case, upon the plea of not guilty, the jury may, and indeed they must, unless they choose to find a special verdict, take upon themselves the decision of the law, as well as the fact, and bring in a verdict as comprehensive as the issue." 3 Johns. (N. Y.), 327.

In 1828, Parker, Chief Justice (Mass.), said: "Each case stands almost independently of every other, depending upon the facts and circumstances which belong to it, and hence the principle now universally acknowledged in this country and England, that the jury, who are a selection from the people, shall determine the whole case, both as to law and fact, by a general verdict of guilty or not guilty, unless they choose to refer the matter of law to the court in the form of a special verdict." Lyman's Trial, 67.

In *Commonwealth* v. *Knapp,* the court said: "And when the jury undertakes to decide the law (as they undoubtedly have

the power to do) in opposition to the advice of the court, they assume a high responsibility, and should be very careful that they are right." 10 Pick. (Mass.), 477.

In *Commonwealth* v. *Kneeland*, the court said: "In all criminal cases, by the form in which the issue is made up, the jury pass upon the whole matter of law and fact." 20 Pickle (Mass.), 222.

In 1875, in the case of *Mullinex* v. *People*, 76 Ill., 211, the court instructed the jury "that the jury are the sole judges of the law as well as the facts in the case. But the jury are further instructed that it is the duty of the jury to accept and act upon the law as laid down to you by the court, unless you can say, upon your oaths, that you are better judges of the law than the court, and if you can say, upon your oaths, that you are better judges of the law than the court, you are at perfect liberty to so act."

As late as 1879, Chief Justice Sharswood, in deciding the case of *Kane* v. *Commonwealth*, said that he considered the following passage from the charge of the court, in the case of *United States* v. *Wilson*, as a model to be followed by other judges, when called on to instruct the jury upon the subject: "We have thus stated to you the law of the case, under the solemn duties and obligations imposed on us, under the clear conviction that, in so doing, we have presented to you the truest test by which you will apply the evidence to the law; but you will distinctly understand that you are the judges both of the law and the fact in a criminal case, and are not bound by the opinion of the court. You may judge for yourselves, and if you should feel it your duty to differ from us, you must find your verdict accordingly. At the same time, it is our duty to say that it is in perfect accordance with the spirit of our legal institutions that courts should decide questions of law, and juries the facts. The nature of the tribunals naturally leads to this division of duties, and it is better for the sake of public justice that it should be so. When the law is settled by a court,

there is more certainty than when done by a jury. It will. be better known and more respected in public opinion. But if you are prepared to say that the law is different from what you have heard from us, you are, in the exercise of a constitutional right, to do so. We have only one other remark to make on the subject. By taking the law as given by the court, you incur no moral responsibility; in making a rule of your own, there may be some danger of a mistake." 89 Pa. St., 522.

The right of defendant to have a jury trial was violated in this case. The right is a constitutional one, and cannot be affected by statute.


*Monroe McClurg,* Attorney-General, for appellee.

The court's instruction was proper. *Beck* v. *State,* 69 Miss., 217. "All who aid in the unlawful sale of intoxicating liquors are principals." *Johns* v. *State,* 78 Miss., 663. "All who aid in the commission of a misdemeanor are principals." *Wiley* v. *State,* 74 Miss., 727; *Beck* v. *State,* 69 Miss., 217. Counsel for appellant seems to think that in *Wiley* v. *State* this court did not properly announce the law. In *Wiley's case* the court followed its opinion in *Beck's case, supra.* It seems that the court in *Beck's case,* and in *Wiley's case,* somewhat departed from its opinion in *Johnson's case,* but the departure was proper.

If the contention of counsel for appellant be true, as to the relationship between appellant and seller, and appellant and purchaser, it would be impossible to enforce what the legislature intended when it enacted the statutes against the sale of whisky.

If counsel be correct, the statute is practically a dead letter, and it would be impossible to prohibit the illegal sale of whisky in this state, because the "go-between" could always successfully defend on the idea that he was acting for the purchaser, and not the seller. The law is correctly announced in *Wiley's*

*case, supra,* which is certainly not in conflict with *Beck's case, supra.*

This case is certainly similar to *Beck's case,* and to *Wiley's case,* which will be readily seen by reading the statement of facts in said cases. Counsels' attempt to make a distinction between this and *Beck's case,* is far fetched, and has no foundation when the facts of the two cases are understood.

Our statute makes it the duty of the trial judge to instruct the jury upon the principles of law applicable to a case being tried before him at the request of either party. Section 372, code 1892. Under our statute, and the construction placed upon it by this court, it was right and proper for the judge to instruct the jury as he did in this case.

Argued orally by *R. H. Thompson,* for appellant, and by *W. L. Easterling,* assistant Attorney-General, for appellee.

Terral, J., delivered the opinion of the court.

The appellant was indicted in the circuit court of Harrison county for the unlawful sale of whisky, and convicted. The facts were agreed to be that "Charles Thames met the defendant in McHenry, in Harrison county, and asked him if he could get him a pint of whisky, and defendant told him that he could, and thereupon took fifty cents and went off and bought a pint of whisky from another person, not authorized by law to sell same, paying therefor the fifty cents given him by Thames, and that said liquor, so bought and delivered to Thames, was not the property of defendant, who was not interested therein, but was the sole property of the person from whom defendant bought same." This instruction was given to the jury on the part of the state: "The court instructs the jury that, if they believe the facts set out in the agreed statement, beyond a reasonable doubt, they will find defendant guilty." This conviction is assailed upon the grounds: (1)

Because the evidence, it is said, will not support a conviction; (2) the instruction is said to be erroneous.

1. The case here made by the agreed statement of facts is substantially the same as *Wiley* v. *State,* 74 Miss., 727 (21 So., 797). In every case there is a seller as well as a buyer, and a delivery of the whisky sold is an essential and necessary act of the seller to constitute criminality. The seller here, whoever he was, took the hand of Wortham to make a delivery of the whisky to Thames, and Wortham, whatever his intention was, and however his connection with the matter arose, became a participant with the owner of the whisky in the sale of it to Thames. The essential fact of delivery was the sole act of Wortham. And as in misdemeanors all persons who participate in doing any of the acts constituting elements of crime are, in law, guilty as principals, Wortham may not deny responsibility for his part in this transaction. Wortham was not the agent of Thames in the purchase of the whisky. There are no agents in the violation of law. Whatever acts, being the elements of crime, are done by any one, are done by such one as principal, and not as agent. No one of the participants in crime is guilty because of a relation of agency to any of the other persons, but each is guilty because his act is a necessary part of the whole crime. Wortham was not the agent of Thames, because agency is not predicable of crime; but his act, in respect to both the seller and Thames, is that of a principal actor. In respect to what was done at the instance of Thames, there is no culpability; but in respect to the delivery of the whisky for the seller to Thames the act was that of Wortham as a principal.

2. There is no error in the instruction. That form of instruction in liquor cases is approved in *Beck* v. *State,* 69 Miss., 217 (13 So., 835). Where the act denounced by law is punishable without regard to the spirit, whether benevolent or otherwise, in which the act was done, the doing of the act is a crime, and it is proper to so inform the jury.

*Affirmed.*