### John Lafrentz v. The State.

#### No. 231.   Decided December 15, 1909.

**1.—Local Option—Charge of Court—Grouping Facts.**

Where, upon trial for a violation of the local option law, the court's charge attempted a recitation of the entire testimony, and instructed the jury, if they found certain facts to exist to convict the defendant, and did not group the facts correctly, the same was reversible error.

**2.—Same—Charge of Court—Weight of Evidence.**

Where, upon trial for a violation of the local option law, the court instructed the jury to convict the defendant if his intent or the effect of his acts constituted an evasion of the local option law, the same was reversible error. Following Vanarsdale v. State, 35 Texas Crim. Rep., 587; 34 S. W. Rep., 931.

Appeal from the County Court of Llano. Tried below before the Hon. A. H. Willbern.

Appeal from a conviction of a violation of. the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

*Flack & Dalrymple,* for appellant.—Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the County Court of Llano County, on the 3d day of April this year of selling intoxicating liquors in said county in violation of the local option law. The evidence showed a very peculiar state of facts. G. W. White, to whom the liquor was charged to have been sold, testified that he bought a bottle of whisky from appellant on or about December 1, 1908, for which he paid him $1. He also testified that he was a member of the Llano Club and had at some time before the transaction in question given an order for some beer and that while something was said about whisky that he did not order any whisky to be stored there for him; that he gave appellant his name and that he put something down, he did not see what it was, and asked him how much beer he wanted, and he signed the order for beer which may have included whisky. His testimony is a little obscure and rather evidences an indisposition to state the facts with entire candor

Appellant's testimony is in some slight confusion and to some extent contradictory, though some of it is consistent with the idea that he was merely the manager of the club; that White had given an order for whisky and that he kept the two gallons ordered by White to itself and that no one else had access to it, and that in the entire transaction he acted as agent of White and derived no profit from the sale. In this state of the record the charge of the court is to be specially noted in the respect that he gave all the special charges asked, both by counsel for appellant and for the State. Among other things in the general charge he gave the following: "If you believe from the evidence that defendant was manager of the club in Llano, on the north side, and that G. W. White was a member of such club, and that defendant as such manager, if he was, ordered whisky for said White, whether White requested defendant to do so or not, and that same was shipped along with other whisky ordered by defendant, if any, for other members of said club, and when received by defendant, if it was, it was all stored together in the ware-room of the club by defendant, and that the whisky ordered for said White, if any, was not marked or otherwise identified as the particular whisky ordered for him, if it was, and that it was not paid for by said White until it was actually delivered and that defendant gave said White a ticket, representing the quantity of whisky ordered for him, if any, and if you further find from the evidence that said ticket entitled said White to present it to defendant, and, upon having it punched for the quantity of whisky desired and paying the price therefor, to receive from defendant whisky from that ordered for him, if it was, until same was exhausted, and that on or about the 1st day of December, 1908, and anterior to the presentment of the indictment herein, said White did present such ticket to defendant, and call for one bottle of whisky, and that thereupon defendant punched said ticket for one bottle of whisky, and delivered the bottle of whisky to said White, and received from said White in payment therefor one dollar, then if you so find from the evidence and believe beyond a reasonable doubt, and you further believe from the evidence that such transaction, if any, was a device to evade the law, you are charged that such transaction constituted a sale of whisky by defendant in violation of the local option law." At the request of appellant he gave the following special instruction: "In this cause you are charged that if you believe from the evidence the witness Geo. White was a member of what is called the "Llano Club" and that the defendant was the manager and stewart of said club, and that the said witness requested defendant to order for him whisky and in obedience to said order the defendant did order whisky for said witness and when said whisky arrived here, in Llano, the defendant set aside and segregated such whisky and held same for said witness and delivered a part or

a portion thereof to said witness, at the time alleged in the indictment against defendant, and defendant received payment therefor and sent such payment back to the parties from whom defendant purchased said whisky, then in such event defendant would not be guilty of violating the local option law and you are charged to return a verdict of not guilty, and if you have a reasonable doubt of the existing of such facts your verdict should be not guilty." Also the following charge at the request of counsel for appellant: "In this case, if you believe from the evidence that the witness White requested the defendant to order him some whisky, or if defendant understood him to make such order, either verbally or in writing and the defendant in good faith did make the order for him and secured the whisky, and delivered it to the said witness as charged in the indictment, then defendant would not be guilty as charged and you should return a verdict of not guilty, and if you entertain a reasonable doubt of the existence of said facts your verdict should be the same, and this would be true whether the witness paid for said whisky when he got it or not." At the instance of the State he gave the following special charge: "In this cause you are further instructed that if you believe from the evidence that the defendant was acting as the agent of Geo. White in buying and delivering the whisky to said witness as charged in the indictment then you should acquit the defendant, but if you believe from the evidence that such agency, if any, was a mere device or subterfuge for the evasion of the law, then if you believe from the evidence that the defendant acting as such agent and that such agency was a device to evade the law, ordered and delivered the whisky to said White as charged in the indictment you should find the defendant guilty." The portion of the general charge copied above, as well as the special charge given at the instance of the State, are vigorously assailed in the motion for a new trial and are as vigorously complained of in this court. We think that the court's general charge is subject to the objection that it attempts a recitation of the entire testimony and instructs the jury that if they find certain facts to exist, appellant will be guilty and is open to the objection that it does not state the facts correctly and as framed should not have been given. The special charge requested by counsel for the State is directly contradictory to the special charges given at the request of appellant and is erroneous in that in substance it instructs the jury to convict the defendant if his intent or the effect of his acts constituted an evasion of the local option law. A somewhat similar charge was expressly condemned by this court in the case of Vanarsdale v. State, 35 Texas Crim. Rep., 587, 34 S. W. Rep., 931. The charge there given was in this language: "If the jury, however, believe from the evidence that the defendant, Vanarsdale, acted as the agent of Bingham in obtaining the intoxicating liquor, and at the same time acted together with others in obtaining the liquor by

a borrowing or an exchange, for the purpose of evading the provisions of the local option law, then .they will find the defendant guilty, and assess his punishment as directed above." In discussing this charge the court say: "The court in this charge, tells the jury, if appellant acted as the agent of Bingham, but was interested with others in obtaining liquor by a borrowing or an exchange, for the purpose of evading the provisions of the local option law, then to find him guilty. It might be said that every method of procuring whisky in a local option precinct, except as authorized by law, is an evasion of the local option law; but every evasion of the law is not a criminal offense. The law makes criminal only a sale or exchange of intoxicating liquors in a local option precinct. Yet the court instructs the jury, in a general way, if the borrowing or exchange was for the purpose of evading the provisions of the local option law, that they would find the defendant guilty, when they were only authorized by the law to convict the defendant if, in such evasion, he became the seller or exchanger, or was interested, with the person selling or exchanging, in making such sale or exchange. The charge given was not the law, and was liable to mislead and confuse the jury." It is evident that the charge in this case is subject to all the objections noted in the case just mentioned.

It becomes unnecessary to review the other matters complained of for the reason that they relate to matters which are not likely to occur upon another trial. For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*