PEOPLE *v.* LAPHAM.

INTOXICATING LIQUORS—LOCAL OPTION—CRIMINAL LAW.
Procuring intoxicating liquors as agent for the purchaser, who provided the money, in a county which had adopted prohibition, was a violation of law. 2 Comp. Laws, §§ 5412–5435.

Exceptions before judgment from Jackson; Parkinson, J. Submitted June 27, 1910. (Docket No. 146.) Decided July 14, 1910.

Steve Lapham was convicted of violating the local-option law. Affirmed.

*E. J. Marrinane*, for appellant.

*Albert O. Reece*, Prosecuting Attorney, and *Frank L. Blackman*, Assistant Prosecuting Attorney, for the people.

MOORE, J. The information in this case charges that respondent "did sell, furnish, and give to one William Davis, a certain quantity of malt, brewed, fermented,

spirituous, and intoxicating liquor, to wit, two pint bottles of whisky," contrary to the provisions of Act No. 207 of the Public Acts of the State of Michigan for the year A. D. 1889 (2 Comp. Laws, §§ 5412–5435), as amended, etc. The respondent was convicted and brings the case here by writ of error.

The testimony of the witnesses for the people tended to show that respondent, together with three or four other people, was in Frey & Bollinger's billiard parlor, in the city of Jackson, on the 19th of December, 1909; that the party consisted of respondent, William Davis, and his two brothers, Charles Davis and Myron Davis, and Edward Hogan; that said William Davis remarked that he wished he had a drink, and that respondent said he would go and get some if he had the price, and William Davis gave him the money and respondent went and got it; that William Davis and Myron Davis each contributed 25 cents, and William Davis gave the 50 cents to respondent, and that respondent left the billiard parlor, was gone 15 or 20 minutes and returned with a pint of whisky; that respondent handed the bottle of whisky to one of the Davis boys—which one of the Davises received the bottle from the respondent, none of the witnesses could remember. The three Davises and respondent drank the whisky; afterwards William Davis, as he testified, gave respondent 25 cents and respondent added 25 cents and went out from the billiard parlor and after awhile returned with another pint bottle of whisky, which was drunk by the Davis boys and respondent. There was no testimony as to how respondent obtained either of said bottles of whisky. William Davis further testified that he did not know whether respondent kept liquor for sale, or went and purchased it, or how he got it. Respondent testified that he did not have any whisky in his possession that day, and denied that he furnished any to William Davis or either of his brothers.

The error claimed is stated in the brief of counsel as follows. We quote:

" Appellant relies upon his first assignment of error, which in part is as follows: The court erred in charging the jury:

" 'But if he did not have any (whisky) on hand somewhere secreted, out of which he got and produced it for this particular purpose, using Davis's money, and got it from a third party, still he would be the agent, that is, the means, the active, intentional means, of supplying this liquor to the Davises and the others that used it there, and in that case he should be deemed to be the furnisher of the liquor and furnishing it against the terms of the statute, and therefore guilty. So, in either case, no matter how or where he obtained it, if he did furnish the liquor as charged, and as the people claim, then he should be convicted of this offense.'

" There is no evidence in this case that respondent kept the whisky for sale or that he had it in his possession, or under his control, at any time prior to the time he went out and got it as testified to by the people's witnesses, nor is there any evidence that he was the servant of, or agent for, or in any way connected with, any person who had the liquor in question for sale. He procured it at William Davis's request, using William Davis's money. We contend he was the agent of William Davis. The only point we claim is that the court erred in charging the jury as set forth in our first assignment of error. We submit that it was a question for the jury whether the liquor produced was liquor that respondent had on hand, whether he was acting as agent of the seller, or whether he was acting as the agent of William Davis, and that if he was acting as the agent of William Davis he was not guilty of selling, giving, or furnishing the liquor to him, and it was error for the court to charge that he was."

Counsel cite a number of authorities, but none of them are from this State. We think the charge of the court, in view of the testimony, the offense charged, and the provisions of the statute, is not subject to the criticism made by counsel.

The conviction is affirmed.

OSTRANDER, MCALVAY, BROOKE, and BLAIR, JJ., concurred.