## STATE v. BEN ITO.[1]

May 26, 1911.

Nos. 17,104—(15).

**Intoxicating liquor — sale by waiter.**

One who acts in good faith as the agent or messenger only of a purchaser

[1]Reported in 131 N. W. 469.

---

[Note] As to whether one who obtains liquor for and delivers it to another, using the latter's money, is guilty of selling the same, see note in 28 L.R.A. (N.S.) 334.

of intoxicating liquors is not himself guilty of an unlawful sale thereof; but the law will not tolerate any device or pretense to conceal an unlawful sale. Evidence considered, and *held* sufficient to sustain the defendant's conviction of selling intoxicating liquors without a license.

Defendant was convicted in the municipal court of Minneapolis of the offense of selling intoxicating liquor without a license. From the judgment of conviction, Waite, J., defendant appealed. Affirmed.

*George W. Strong* and *Walter S. Chase,* for appellant.

*Daniel Fish* and *W. G. Compton,* for the State.

START, C. J.

The defendant was convicted in the municipal court of the city of Minneapolis of a violation of a city ordinance which provided that: "No person shall sell, vend, deal in, or dispose of any spirituous, vinous, fermented, or malt liquors, in or at any building or other place within the limits of the city of Minneapolis, without first having obtained a license therefor." He appealed from the judgment, and here urges that the evidence is not sufficient to sustain the finding by the trial judge that he was guilty. The record, so far as here material, is this:

"William F. Mealey and Grant Baker, being each duly sworn, each deposed as follows: 'We are detectives of the Minneapolis police force. On the afternoon of November 15, 1910, we went to the Mandarin Café, at Nos. 25 and 27 South Fifth street, in the city of Minneapolis, dressed in plain clothes. This is a Chinese restaurant and chop suey house. We went into a private booth and ordered a meal, which was served to us by the defendant, who is a waiter in that place. After we had paid for our meal, Mr. Mealey said to him: "Bring us a bottle of beer." The waiter said: "I will have to go out for it." Mr. Mealey said: "All right." The defendant hesitated, and Mr. Mealey laid a silver dollar on the table, which the defendant took and went out. He was gone about four or five minutes. He returned with a quart bottle of Miller's High Life beer and seventy cents in change. Mr. Mealey then handed the defendant ten cents.' The defendant admitted that the liquor sold

was beer, and was intoxicating liquor. The defendant offered no evidence."

If the defendant was licensed to sell intoxicating liquors, it was a matter of defense to be established by him; hence there can be no presumption that either he or the proprietor of the place where the transaction took place was licensed. It follows, then, that if the transaction as detailed by the witnesses was, unexplained, prima facie evidence of a sale of liquor, the conviction must be sustained. The credibility of the witnesses and the potency of any permissible inference to be drawn from their uncontradicted testimony was a question for the trial judge; but no inferences not justified by the evidence can be considered, for the defendant was not bound to prove his innocence, and show where and from whom he obtained the beer, although they were particularly, perhaps exclusively, within his own knowledge.

The contention of defendant's counsel is that the only fair inference that can be drawn from the evidence is that he was simply the agent of the plain clothes men to go out and buy a bottle of beer for them, and that he did so in good faith as such agent. If this be the case, he is not guilty. The rule in such cases is that one who acts in good faith as the agent or messenger only of a purchaser of intoxicating liquors is not himself guilty of an unlawful sale thereof; but the law will not tolerate any device or pretense to conceal an unlawful sale. Justice is not to be blinked by the mere form of an unlawful transaction. State v. Smith, 117 N. C. 809, 23 S. E. 449; Penner v. Commonwealth, 111 Ky. 604, 64 S. W. 435; State v. Morton, 42 Mo. App. 64.

These cases illustrate the rule we have stated. Thus, on the trial of the first case cited, a witness for the state testified: " 'I sent for whiskey by the defendant. I told him to bring me some liquor. I forget how much money I gave him, but he brought me a quart of whiskey. He would be gone two or three hours. I never asked him where he got it. I paid him nothing for bringing it. This was in this county, within two years prior to this time.' The state rested, and defendant introduced no testimony." The defendant was convicted of selling intoxicating liquors without a license, and the judgment was

affirmed on appeal; the court holding that the transaction was prima facie a sale.

There are some significant facts disclosed by the evidence in the case at bar. Defendant's response to the request for a bottle of beer was the natural one if the sale was to be made by resorting to the subterfuge of a colorable agency, but quite the contrary if it was intended to advise in good faith the proposed purchasers that no liquors could be sold on the premises. If it were an honest transaction, the response would naturally have been to the effect that he could not comply with the request. Again, the promptness with which the transaction was closed, in some four or five minutes, is quite suggestive as to the place from which the beer was obtained. We are of the opinion that the question of the defendant's guilt, upon the evidence, was one of fact for the trial judge, and that it is sufficient to sustain his finding of guilty.

Judgment affirmed.

BROWN and BUNN, JJ. (dissenting).

We are unable to concur in the conclusion arrived at by the court in this case. The evidence, the whole of which is set out in the opinion of the court, in our opinion is insufficient to sustain the charge that defendant sold the liquor to the detectives. Defendant was a mere clerk, or waiter, and the testimony furnishes no suggestion or intimation that he owned or had any interest in the liquor furnished, or was interested as proprietor or otherwise in the restaurant. When requested to furnish the beer, he expressly informed the officers that he would have "to go out for it," leaving the inference, consistent with the presumption of innocence which follows defendant throughout the trial, that there was none upon the premises. The officers said to him, "All right. Go out and get it," and they handed him money to pay for the same. He complied with their request. The record will be searched in vain for a suspicion even that this was a device on the part of defendant to conceal an unauthorized sale. Defendant had no liquor to sell. He was a mere clerk, and therefore had nothing to conceal.

The case comes squarely within the rule, sustained and supported

by a long line of decisions, that one who at the request of another, and with money furnished for that purpose, purchases from a third person and delivers to the former intoxicating liquor, is not guilty of making a sale, as he is merely the agent for the real purchaser, unless he is personally interested in the sale, or acts for the seller. Maples v. State, 130 Ala. 121, 30 South. 428; Campbell v. State, 79 Ala. 271; Morgan v. State, 81 Ala. 72, 1 South. 472; Dale v. State, 90 Ark. 579, 120 S. W. 389; Jones v. State, 100 Ga. 579, 28 S. E. 396; Reese v. City, 120 Ga. 198, 47 S. E. 560; Johnson v. State, 63 Miss. 228; Rector v. State (Tex. Cr. App.) 90 S. W. 41; Crawford v. State (Tex. Cr. App.) 58 S. W. 1006; Anderson v. State, 32 Fla. 242, 13 South. 435; Chinn v. Com. (Ky.) 33 S. W. 1117; State v. Johnston, 139 N. C. 640, 52 S. E. 273; State v. Mosier, 25 Conn. 40.

As already remarked, the evidence furnishes no suggestion that defendant was in any way interested in the transaction; and, as held by the court, he was not required to disclose from whom he obtained the liquor. The statement in the opinion that there is no presumption that the suey house in which defendant was employed was licensed is, as to defendant, pure assumption. There is no evidence upon the question. Defendant was not the proprietor, and is in no position affirmatively to prove or disprove the fact, nor was he required to do so. His whole defense was that he acted as the agent for the detectives, and as an accommodation to them procured the liquor. The situation is precisely the same as though the transaction took place upon a street corner. If the court is to indulge in presumptions respecting the character of the place, it is only fair to assume that, if it was unlicensed, the detectives would have laid hold of the proprietor, rather than the inoffensive and now unfortunate waiter, who, within the presumption of innocence applicable to all criminal prosecutions, intended no wrong.