## STATE v. HAROLD PROVENCHER.[1]

December 22, 1916.

Nos. 20,179—(2).

**Intoxicating liquor — buyer not liable to penalty for illegal sale.**
1. The penalties of the local option statute, Laws 1915, c. 23, § 13, are directed against the seller and not against the buyer; and one who purchases intoxicating liquor in a dry county at the solicitation of another, and with his money and for his use and as his agent, in good faith, and not as a subterfuge or for purposes of evasion, does not commit an offense.

**Same — question of good faith of buyer for the jury.**
2. The law, however, does not countenance an evasion or subterfuge. The claimed agency must be exercised in good faith and not to hide a participation in an illegal traffic. The evidence in this case was such as to make the defense of agency in good faith for the jury, and the court by charging that there was no defense of agency in good faith erroneously deprived the defendant of the right to have the question determined by the jury.

Defendant was indicted by the grand jury for the crime of unlawfully selling liquor, tried in the district court for Pennington county before Grindeland, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Reversed.

*M. J. Daly* and *Stanton & Rowberg,* for appellant.

*Lyndon A. Smith,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Hans O. Kjomme,* County Attorney, for respondent.

DIBELL, C.

The defendant was convicted of selling intoxicating liquor within a dry county. He appeals from the order denying his motion for a new trial.

[1] Reported in 160 N. W. 673.

1. The defendant claimed that he purchased the intoxicating liquor in good faith for one Bell, a detective, and as his agent and with money furnished by him.  The court charged that though he so purchased he was guilty.

In State v. Ito, 114 Minn. 426, 131 N. W. 469, 35 L.R.A.(N.S.) 619, Ann. Cas. 1912C, 631, we held that one who in good faith as agent of another purchased intoxicating liquor for him was not criminally liable. This was a prosecution under an ordinance of Minneapolis directed against those who without a license "sell, vend, deal in, or dispose of any spirituous * * * liquors." The reason he was not liable was that he did not sell, deal in or dispose of intoxicating liquor.  He was concerned in the transaction only as agent of the buyer.  In State v. Baden, 37 Minn. 212, 34 N. W. 24, the court said: "The section of the statute under which this prosecution is brought is directed against the seller, not the purchaser." The penalties of the local option statute (Laws 1915, p. 30, c. 23, §13), are directed against "every person, company, corporation, club, association or society, directly or indirectly, either personally or by clerk, agent or employee, who shall sell or store or have in possession for sale, or shall solicit, receive or take any orders for intoxicating liquor," etc.  By section 1 the terms "sell" and "sale" are given the meaning prescribed in G. S. 1913, § 3188 (R. L. 1905, § 1564), which is as follows:  "The terms 'sell' and 'sale' shall include barters, gifts, and all means of furnishing liquor in violation or evasion of law."

It is the general doctrine, though not quite universal, and with it the Minnesota rule is in accord, that purchasers or their actual and good-faith agents are not within the penalties of liquor statutes, and that they are not accomplices or abettors in the illegal sale.  Black, Intoxicating Liquor, §§ 380, 381, 408; 2 Woolen & Thornton, Int. Liq. §§ 701, 706, 719, 730; 23 Cyc. 182; note to State v. Cullins, 53 Kan. 100, 36 Pac. 56, in 24 L.R.A. 212; note to Reed v. State, 3 Okl. Cr. 16, 103 Pac. 1070, in 24 L.R.A.(N.S.) 268; note to State v. Lynch, 81 Oh. St. 336, 90 N. E. 935, in 28 L.R.A.(N.S.) 334.  If one's connection with an illegal sale is only as agent of a purchaser, he is not a criminal for his principal is innocent.  If his connection with the transaction is such that he is agent of the seller, he is liable, for his principal is a criminal, and the agent in a criminal act is not innocent.  The rule that an agent

acting in good faith is·not guilty of an offense obtains, though he makes
the purchase in dry territory where all sales are forbidden by positive law.
State v. Turner, 83 Kan. 183, 109 Pac. 983; Reynolds v. State, 52 Fla.
409, 42 South. 373; Hiers v. State, 52 Fla. 25, 41 South. 881; Bonds v.
State, 130 Ala. 117, 30 South. 427; Cunningham v. State, 105 Ga. 676,
31 S. E. 585; Simpson v. Commonwealth, 151 Ky. 442, 152 S. W. 255;
Lee v. Commonwealth, 143 Ky. 355, 136 S. W. 624; Lafrentz v. State, 57
Tex. Cr. 464, 125 S. W. 32, 29 L.R.A.(N.S.) 743. In Choate v. State,
47 Tex. Cr. 297, 83 S. W. 377, involving an illegal sale in local option
territory, the court said "the offense is the selling of the whisky,
and not the assisting in the purchase." The list of authorities could be
extended. Even in the case of a purchase by a minor through an agent,
and though all sales to a minor are illegal, and though special considera-
tions induce a strict rule of liability, the agent by the weight of authority
and where the statute is the usual one, is not criminally liable. 2 Woolen
& Thornton, Intoxicating Liquor, § 726; Black, Int. Liq. § 422; 23 Cyc.
196. It was likely to prevent such a result that the legislature enacted
Laws 1911, p. 407, c. 290 (G. S. 1913, § 3179), section 1 of which pro-
vides that one who in behalf of a minor purchases intoxicating liquors
commits an offense.

In a few cases it has been held that the agent of a purchaser in dry ter-
ritory is so much of a participant in the illegal sale that he is criminally
responsible. People v. Lapham, 162 Mich. 394, 127 N. W. 366; Buchan-
an v. State, 4 Okl. Cr. 645, 112 Pac. 32, 36 L.R.A.(N.S.) 83. There
may be other like holdings. In Mississippi a statute similar to our stat-
ute relative to purchases for minors brings the same result. Ann. Code
Miss. 1892, § 1604.

The legislature enacted the local option statute with our own decisions
as well as the general trend of the authorities in mind. It knew that the
general policy of the liquor statutes was to make the seller criminal and
not the buyer, and to make the agent of the seller liable, but not one act-
ing in good faith for the buyer except in the case of a sale to a minor. We
do not find a legislative purpose to make the result different under the
local option statute. If such had been its purpose it would have evi-
denced it. In Wakeman v. Chambers, 69 Iowa, 169, 28 N. W. 498, 58
Am. Rep. 218, the court said: "As the prohibitory statute does not pro-

vide that the purchaser is guilty of any crime, it seems to us this fact practically ends the inquiry. If such had been the intent, it would certainly have been so provided in express terms." The legislature had in view the making of a workable and effective law. If the purchaser or his agent were liable, it might in its judgment be less effective in reaching the guilty seller. The remark of the court in State v. Baden, 37 Minn. 212, 34 N. W. 24, quoted above, was prompted by a claim of a defendant accused of unlawfully selling intoxicating liquor that the purchaser was himself guilty and therefore his uncorroborated testimony was insufficient to convict. We do not think the incorporation into the local option statute of the definition of the terms "sell" and "sale" changes the result. In State v. Ito, 114 Minn. 426, 131 N. W. 469, 35 L.R.A.(N.S.) 619, Ann. Cas. 1912C, 631, the words used, among others, were "deal in or dispose of." The giving and the furnishing which the statute has in mind is not that which arises from a purchase by a good-faith agent for his principal and with his money. In defining "sell" and "sale" it does not make a purchase a sale nor a purchaser a seller. The vendor is still the only criminal. The local option statute after the definition as before is directed against the seller; and the purpose of the statutory definition is to bring certain acts within the condemnation of the statute, though they may not technically constitute a sale, but the acts are always the acts of a vendor and never of a purchaser.

2. While the statute is directed against the guilty seller, and not against the purchaser or his agent, the law does not countenance an evasion or subterfuge. The one making the purchase must be the agent in good faith of the other and not himself the seller or his agent. His claim of agency must not be an evasion or a subterfuge to conceal illegal traffic. Attempted evasions and subterfuges are to be anticipated. Juries are competent to deal with them and when questions of fact are involved are the constituted tribunals for such purpose. "That subterfuges are or may be resorted to in local option precincts will not authorize the conviction of a party acting as agent of the purchaser, unless, in so acting, that party is interested in such sale, or is assisting the seller, in some way, in procuring such sale." Hood v. State, 35 Tex. Cr. 585, 34 S. W. 935.

The evidence was such as amply to justify a finding that the defendant sold the intoxicating liquor to Bell. It was sufficient to sustain a finding

that the defendant did not sell to him, but that at his solicitation, and as his agent, and acting in good faith, and with money given him for the purpose, he procured the liquor for him. The defendant does not claim that the evidence is insufficient to sustain a finding that he in fact made the sale. We do not understand that the state contends—at least it cannot do so successfully—that the evidence was not such as to justify a finding that the defendant, at the solicitation of Bell and with money furnished by him and as his agent and for his use, made the purchase. There is testimony, not so improbable but that it made a question for the jury, that it was only after repeated solicitations on the part of the detective that the defendant undertook to go out and get liquor for him if he could. The contention of the state is that, conceding all this to be true, the defendant is still criminally liable within the provisions of the local option statute. This was the charge of the court. By it the court removed from the consideration of the jury the defendant's claim of good-faith agency. He was deprived of the right to have the jury pass upon it. But for this the verdict would be sustained. Whatever are our personal views of the truth of the defendant's defense, the validity of it involved a question of fact which a jury is the tribunal to determine. There must be a new trial.

Order reversed.


HOLT, J. (dissenting).

I dissent. A bottle of whiskey could not be lawfully purchased in the county in question. The sole scope and purpose of the claimed agency was to procure some one to make a sale in violation of law. An agency for such a purpose, to my notion, cannot be a good-faith agency, as a matter of law.


HALLAM, J. (dissenting).

Defendant, a night clerk in a hotel, is charged with the unlawful sale of whiskey in a "dry" county to one Bell. He himself gave this version of the affair:

"He asked me if I could get him some whiskey. I told him I would have to go out and see if I could find a fellow. He asked me how much it was and I told him a dollar, and he * * * says here is $1.15 * * * He says what time can I get it; I says come around later. And I went

out about 10 o'clock and got the bottle of whiskey for him, and I came back to the hotel and put it down stairs at the end of the hall until he came back and got it." He further testified that he got it from a "boot legger" on the street; that he had gotten some before at the same place and knew he had it for sale.

The trial court instructed the jury that this explanation was not a defense. The propriety of this instruction is the specific and only question in the case. The majority opinion holds that the instruction was wrong. From this I respectfully dissent. The act plainly and unequivocally described by defendant is either lawful or unlawful. We are not dealing with disputed facts or disputed inferences from facts. A jury might perhaps infer that defendant was not telling the truth and that he had the liquor on hand for sale. We are not interested in that phase of the case. The question is, assuming defendant's testimony to be strictly true, was the charge right? In my opinion it was.

I fully agree that the county option law is aimed at the seller and not at the buyer. The statute makes it unlawful for any person in a "dry" county to "sell or * * * solicit, receive or take any orders for intoxicating liquor." The question is what is meant by the term "sell." The statute adopts as the meaning of the word "sell" the definition given in G. S. 1913, § 3188, which provides that the term "sell" shall include "barters, gifts, and all means of furnishing liquor in violation or evasion of law." It is not necessary to determine whether the transaction described by defendant constituted a sale by him in the ordinary sense of that term. The prohibition of the statute is broader and extends to transactions other than ordinary sales. It prohibits the "furnishing" of liquor and taking orders therefor. It seems clear to me that a hotel proprietor or clerk, in dry territory, who acts as middleman between the "boot legger" and the consumer in effecting an unlawful sale of liquor and in conveying the same to the customer, both furnishes the liquor to the customer and takes his order therefor. He is surely a very important factor in the accomplishment of the unlawful transaction, and to permit him to be absolved from liability on any theory is, in my judgment, contrary to the plain meaning of the law, and will go far to defeat its purpose. The proposition that this is a furnishing of liquor is well sustained by authority. Burnett v. State, 92 Ga. 474, 17 S. E. 858; Commonwealth v.

Davis, 75 Ky. 240; Wortham v. State, 80 Miss. 205, 32 South. 50; People v. Lapham, 162 Mich. 394, 127 N. W. 366; State v. Hassett, 64 Vt. 46, 23 Atl. 584; 2 Woolen & Thornton, Law of Intox. Liquors, § 730; see State v. Reese, 69 Wash. 437, 125 Pac. 363. In fact I find no authority to the contrary.

In People v. Lapham, supra, the question arose on an instruction much the same as that given in this case, applying a similar statute to a similar state of facts. The instruction was held proper.

In State v. Hassett, supra, the court, in discussing a transaction like this one, said: "If it was his own he went and got, the transaction was a sale; if he bought it of another, procured it for the witness and took it to him, it was a furnishing."

Most, if not all, of the authorities cited in the majority opinion are cases construing the word "sell" or "sale," under statutes which do not define the term as does our statute. In Partin v. Commonwealth, 140 Ky. 146, 130 S. W. 968, particular attention is called to this distinction.

State v. Ito, 114 Minn. 426, 131 N. W. 469, 35 L.R.A.(N.S.) 619, Ann. Cas. 1912C, 631, was a prosecution under an ordinance of the city of Minneapolis, the language of which does not embody the significant words of the statute. Neither was that a case of a sale in "dry" territory, and the defendant might have procured the liquor from a lawful dealer. The defendant in this case did not do that. This fact is considered important in some cases. See Wortham v. State, 80 Miss. 205, 32 South. 50, where the pungent remark is made that "there are no agents in the violation of law."