THE STATE OF KANSAS V. FRANK GREEN.

**No. 13,930.**   (77 Pac. 95.)

Appeal from Butler district court ; G. P. AIKMAN, judge.
Opinion filed June 11, 1904.   Affirmed.

*C. C. Coleman,* attorney-general, and *W. M. Rees,* for
The State.

*E. N. Smith,* for appellant.

*Per Curiam:* The appellant was charged with, and
convicted of, a violation of the prohibitory law (Gen. Stat.
1901, §§ 2451–2500), in two counts.   The evidence upon
which he was convicted indicated that he was what is com-
monly known as a "boot-legger."   Upon the request of the
witnesses, and the giving to him of money by them there--
for, he procured and brought to them intoxicating liquors.

The court charged the jury that the law provides that
any shift or device to evade its provisions shall be deemed
an unlawful selling, within the provisions of the prohibit-
ory act (Gen. Stat. 1901, § 2467).   Objection is made to
this for the reason, in the language of appellant's brief,
that "the defendant was not on trial for any shift or device,
but. for an unlawful selling."   This, with some cognate
questions relating to the introduction of evidence, is urged
as error with an apparent degree of seriousness; it, how-
ever, lacks substance.

Another ground of error, equally diaphanous, is that the
court did not tell the jury what constituted a sale.  No such
instruction was requested, nor was it required.   The mean-
ing of the word "sale," in this connection, is too well known
to require explanation.

Again, complaint is made of the giving of the following
instruction :

"The state has elected to ask for a conviction of the de-
fendant on the testimony of certain witnesses, and if the
defendant is convicted by the jury it must be upon the
testimony of those respective witnesses and on the particu-
lar count which the jury believe, beyond a reasonable doubt,
that the evidence of such witnesses sustain."

The objection urged is that this only required the jury
to believe, beyond a reasonable doubt, that the evidence
sustained to some extent the charge upon which the state
elected to try the defendant.   We think this criticism is
hypercritical.   The court elsewhere instructed the jury

that the prosecution must prove the sales charged beyond reasonable doubt or the jury should find the defendant not guilty, and we think that the language used in the criticized instruction was substantially the same.

We find no error in the entire case, and, hence, the judgment is affirmed.