# Ledbetter v. The State.

### Indictment for Violating Revenue Law.

1. *Trial by court without jury; evidence.*—Where a case is tried by the court without a jury, the court has the same right a jury would have to disbelieve, and, therefore, disregard any part of the evidence.

APPEAL from City Court of Anniston.

Tried before the HON. THOMAS W. COLEMAN, JR.

The appellant, Andy Ledbetter, was tried and convicted of the offense of selling whiskey without a license. The testimony of the State was to the effect that one Powell went to the defendant, and asked him if any whiskey could be had, saying that he wanted a quart. Defendant replied that he could get it for the witness, and that it would cost eighty cents. The defendant then left, and returned in about fifteen minutes with the whiskey, which he gave the witness, and received the

[Ledbetter v. The State.]

eighty cents therefor. The defendant, as a witness in his own behalf, testified that, on being asked by said witness Powell if he could get whiskey, the defendant went to see a negro, stating his name, and paid him eighty cents for the whiskey, which he delivered to Powell. He further swore that he acted merely as a friend, and to accommodate Powell, and had no interest in the whiskey, or the money paid therefor. From a judgment of conviction, defendant appealed.

MATTHEWS, MARTIN & MATTHEWS, for appellant.

MASSEY WILSON, Attorney General, for the State.

ANDERSON, J.—The evidence in this case afforded a strong inference that the defendant sold the liquor, and we think the trial court properly convicted him.

This conclusion is not in conflict with *DuBoise v. State,* 87 Ala. 101, which seems to be relied upon by the defendant. This Court held in that case that the trial court erred in giving the affirmative charge for the State, and that, if defendant's evidence was true, he was not guilty, simply reversing the case in order that the jury might determine whether or not his evidence was true.

In the case at bar, the court tried the case without a jury and thus passed upon the evidence as well as the law, and did not believe the defendant's evidence—neither does this Court.

Affirmed.

HARALSON, TYSON, and DOWDELL, J. J., concurring.