THE STATE OF KANSAS, *Appellee*, V. H. E. TURNER,
*Appellant*.

No. 17,004.

SYLLABUS BY THE COURT.

1. EVIDENCE—*General Reputation—Direct Evidence against the Accused.* Evidence of previous good character is not to be rejected, or even disregarded, because the evidence against the accused is direct.

2. INTOXICATING LIQUORS — *Purchase as Agent for Another, Who Advanced the Money.* In a prosecution for a violation of the prohibitory law, where the defense is that the defendant purchased the liquor for others, who advanced him the money for that purpose, and that he merely acted as their agent, it is error for the court to refuse to give an instruction to find the defendant not guilty if the jury believed the evidence offered in support of such defense.

3. —————— *Purchase as Agent—Burden of Showing Where and from Whom Defendant Got the Liquor.* In a prosecution under the prohibitory law the state offered evidence that the defendant was requested by other persons to procure liquor for them, and received money from them therefor, and shortly afterward delivered the liquor to them. *Held,* that this made a *prima facie* case, and the demurrer to the evidence was properly overruled.

Appeal from Chautauqua district court. Opinion filed July 9, 1910. Reversed.

*W. H. Sproul,* and *E. N. Gunn,* for the appellant.

*John Marshall,* assistant attorney-general, and *J. W. Mertz,* county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant appeals from a conviction under the prohibitory liquor law. At the time of the alleged offense he was running a livery barn in the city of Sedan. Two witnesses for the state testified that they went to him in the evening at his barn and requested him to procure liquor for them; that he said

he thought he could do so, and went away and was gone for some time, and returned with a gallon of whisky.    One of the witnesses testified that he gave the defendant the money before he went to get the liquor.    Eph Brown, who ran a "joint" located near the barn, and who plead guilty at the same term of court to a number of counts charging him with violating the prohibitory law, was a witness for the state, and testified that he sold the gallon of whisky to the defendant.    The sole defense was that the defendant was acting as a friendly agent of the persons who purchased the liquor.    He admitted that he got the liquor for them, and testified that they paid him the money in advance and that he acted merely as their agent.

One of the errors complained of is that the court withdrew from the consideration of the jury, by a special instruction, the consideration of the testimony of a number of witnesses which had been offered by the defendant to prove his good reputation as a peaceable and law-abiding citizen.    The theory upon which the court withdrew this testimony appears to be that there was direct evidence against the accused; that he admitted the act of procuring the liquor, and therefore evidence as to his reputation could have no tendency to prove his innocence.    This was manifest error. Whether the defendant was acting as a "bootlegger," as the defendant was in *The State v. Green,* 69 Kan. 865, or simply purchased liquor as the agent of those who sent him for that purpose, was the question to be determined, and he was entitled to all the inferences which the jury could rightly draw from the evidence of his good repute.

In *The State v. Deuel,* 63 Kan. 811, a conviction was reversed for an erroneous instruction respecting evidence of previous good character.    In the opinion it was said:

"Evidence of previous good character goes to meet every phase of a case involving the guilty knowledge

or intention of a defendant, and should be considered by the jury in determining whether it is probable that the defendant is guilty." (p. 818.)

To the same effect are: *The State v. Douglass,* 44 Kan. 618; *The State v. Schleagel,* 50 Kan. 325; *The State v. Keefe,* 54 Kan. 197; *The State v. Pipes,* 65 Kan. 543.

As said in section 79 of Underhill on Criminal Evidence, "though good character is of especial importance when the incriminating evidence is wholly circumstantial, it is not to be rejected, or even disregarded, when the evidence against the accused is direct."

It is also claimed that the court erred in refusing the following instruction:

"It is not unlawful for one person to act as the agent of another in purchasing intoxicating liquors. So that if you should find that the defendant has only acted for, and as the agent of, some person or persons wishing to purchase intoxicating liquors, and that the defendant was given the money with which to pay for the intoxicating liquors desired, and that he simply took the money and delivered it to a person who had intoxicating liquors for sale, and purchased the intoxicating liquors with the money which had been given him, and then delivered the intoxicating liquors so purchased to the person who gave him the money and who instructed him to purchase the liquors for him, then you can not find the defendant guilty, for such acts would not be in violation of the law."

Without approving the particular form of the instruction requested, it was sufficient at least to challenge the court's attention to the only defense upon which the defendant relied, and which found some support in the evidence of the state as well as that of the defendant himself. Since no instruction given by the court touched upon the matter, it was error to refuse to give the instruction requested or some other in its place. In *The State v. Cullins,* 53 Kan. 100, the syllabus reads:

"The purchaser of intoxicating liquor, which is sold

in violation of law, is not a participant with the seller, and therefore is not guilty as the principal offender."

A case directly in point is *Reed v. State,* [Okla. Crim. App. 1909] 103 Pac. 1070, 24 L. R. A., n. s., 268.

The demurrer to the state's evidence was properly overruled. It is said in volume 23 of the Cyclopedia of Law and Procedure:

"Proof that defendant offered or was requested by another to procure liquor for him, and received the money therefor, and shortly after delivered the liquor to such person, puts the burden on defendant to explain where and from whom he got the liquor, and authorizes a conviction where he gives no explanation or one which the jury believe to be a mere subterfuge." (p. 256.)

To the same effect is *Mack v. The State,* 116 Ga. 546.

We think the court unduly restricted the cross-examination of the witnesses for the state in calling for their knowledge and information as to whether the defendant had liquor himself or was to procure it from some one else.

The judgment is reversed and a new trial ordered.