## Partin v. Commonwealth.

(Decided October 6, 1910.)

## Appeal from Whitley Circuit Court.

Section 2557, Ky. St., provides that any person who shall barter or loan, directly or indirectly, any liquors in local option territory, shall be fined, &c. * * * Subsection 2 of Section 2557 B, provides that it shall be unlawful for any person to sell, give, procure for, or furnish to another any spirituous, vinous or malt liquors for the purpose of selling them in local option territory, shall be fined not less than $50, nor more than $100, and imprisonment, &c. Held, this court has repeatedly decided that one who purchases liquor for another in local option territory, with money furnished by the latter, and who has no interest in the liquor, is not guilty of a violation of the local option law.

L. L. PEACE and J. E. STEPHENS for appellant.

JAMES, BREATHITT, Attorney General, TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellant was tried and convicted in the Whitley Circuit court, under an indictment which, omitting the formal parts, is as follows:

"The grand jury of Whitley county, in the name and by the authority of the Commonwealth of Kentucky, accuse Wesley Partin of the offense of unlawfully selling, lending, giving, procuring for and furnishing to another,

spirituous, vinous and malt liquors, committed in a territory in which the local option law was then and there in force: committed in manner and form as follows, viz: The said Wesley Partin on the 19th of March, 1910, and within twelve months before the finding of this indictment and in the county and state aforesaid, did unlawfully and wilfully sell, lend, give, procure for and furnish spirituous, vinous and malt liquors to John Adkins contrary to and in violation of the provisions of an act of the General Assembly of Kentucky, whereby the sense of the people of any county, town, district or precinct shall be taken as to whether spirituous, vinous, or malt liquors shall be sold, bartered or loaned therein, known as the local option law, which said local option law was then and there, in said county and state, in full force and effect, against the peace and dignity of the Commonwealth of Kentucky."

There was no contradiction in the testimony. It shows that the prosecuting witness, John Adkins, met appellant upon a street in Jellico and asked him if he could get him some whiskey. Appellant answered that he did not know, but that he believed that one Alvis Sharp, a keeper of a blind tiger, had some to sell. Adkins asked him if he could work a trick and get him some, and he said he would try. Adkins gave him fifty cents with which to get it. Appellant went to Sharp and procured it and give it to Adkins. Appellant was not the agent of Sharp nor did he sell the whiskey to Adkins, nor did he receive one cent from the transaction in any way; he acted only for the accommodation of Adkins. Upon this evidence the court gave the following instruction:

"Gentlemen of the jury, if you believe from the evidence beyond a reasonable doubt that the defendant, Wesley Partin, in this county and within twelve months before the finding of the indictment in this case, sold, procured for or furnished to the witness John Adkins, spirituous, vinous or malt liquors, you will find the defendant guilty as charged in the indictment and fix his punishment at a fine of not less than $60.00 nor more than $100.00, or at imprisonment in the county jail not less than ten nor more than forty days, or both, in your discretion."

The jury convicted appellant and fixed his punishment at a fine of $60.00 and ten days in the county jail. The instruction of the court was, in effect, a peremptory. The jury could not return a verdict of not guilty because the

evidence was without contradiction that appellant procured and furnished to the witness Adkins the liquor within the limits of Jellico, a city where the general local option law prevailed.

The indictment was irregular and erroneous. It covered and included offenses prescribed in two separate sections of the statutes; and the instruction was erroneous for the same reason. Section 2557 provides that any person who shall sell, barter or loan, directly or indirectly, any liquors in a town or district where the local option law prevails, shall be punished by a fine of not less than $60.00 nor more than $100.00, or confined in the county jail, &c. The words "sell and lend" in the indictment and the word "sell" as used in the instruction, would come under this provision of the statute. In sub section 2 of section 2557 B, it is provided that it shall be unlawful for any person to sell, give, procure for or furnish to another any spirituous, vinous or malt liquors for the purpose of selling them in any territory where the local option law prevails. The penalty fixed in this section is not less than $50.00 nor more than $100.00 and imprisonment not less than ten nor more than fifty days. The offenses described by these two sections are different, and the punishment is not the same. The selling, giving, lending, procuring for or furnishing, in the last section referred to, must have been for the purpose of having a sale in prohibited territory. There is not the slightest testimony in this case tending to show that appellant gave, procured for or furnished this pint of whiskey to Adkins so that he or any one else might sell it in that prohibited territory. In the case of Hyser v. Commonwealth, 116 Ky. 410, 25 Ky. L. R. 608, this court construed sub-section 2 of section 2557 B, and used the following language:

"It will be observed that the object of the foregoing section is not the punishment of the person who himself sells, or otherwise disposes of, spirituous, vinous or malt liquors where local option is in force, for his punishment is provided for by section 5 of the act, but its object is the punishment of the persons who sell, lend, give, procure for or furnish another such liquors, to be sold by the latter where local option is in force, or for having in his (the former's) own possession such liquors for the purpose of selling them in the forbidden territory."

In the case of the Commonwealth v. Dickerson, 25 Ky.

Law Rep., 1043, this court, after quoting from and approving the case above referred to, said :

"It is manifest, however, that the gift to another of spirituous, vinous or malt liquors, in territory where local option is in force, whether the quantity given be one drink or more, is not an offense under section 2 of the act, supra, unless it be made with the intent or purpose that it is to be sold by the person to whom it is given, in territory where local option is in force."

Under these authorities, and others which might be cited, it is evident that the indictment did not charge appellant with the offense prescribed in sub-section 2 of section 2557 B, for there is no charge that he procured for or furnished the liquor to Adkins for the purpose of a sale of it in that or any other town or district, nor was there the slightest proof to that effect; therefore, the court erred in directing the jury to find him guilty for the procuring for or furnishing to the witness, Adkins, the liquor.    The indictment was   sufficient to charge appellant with the offense charged in section 2557. It is charged that appellant sold and lent to Adkins the whiskey.  But the further charge that he gave, procured for and furnished Adkins the liquor, did not state any offense and should have been regarded as surplusage.  There is no proof that he sold or lent the whiskey to Adkins, and this court has repeatedly decided that one who purchases liquor for another with money furnished by the latter and who has no interest in the liquor, is not guilty  of selling  under  the section just referred to. Chinn v. Commonwealth, 17 Ky. Law Rep., 1205; Bell v. Commonwealth, 28 Ky. Law Rep., 1344; Leak v. Commonwealth, 23 Ky. Law Rep., 932.

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.