## Commonwealth v. Lee.

(Decided October 18, 1910).

### Appeal from Marion Circuit Court.

Whiskey—Selling Without License—Purchase by Club—Liability of Agent—Evidence Considered.—In a prosecution against one for selling whiskey without a license, the evidence showed that a club was formed by several gentlemen who would meet at the Fair grounds outside of the city of Lebanon, one day in each week and divide among themselves two or three barrels of whiskey. Appellee would buy the whiskey for them at the distillery and haul it to the Fair grounds to be divided. The distillery was located outside of the city, and so was the Fair grounds, but the whiskey had to be hauled through the city from the distillery to the Fair grounds. The appellee was paid a dollar for the first barrel he hauled, and 75 cents for each subsequent barrel he hauled on the same day. The local option law was in force in the city of Lebanon, but not in the county outside, and appellee who hauled the whiskey lived outside of the city, but he had no interest in the whiskey nor in the distillery. Held, that under the evidence a peremptory instruction to find for the defendant was proper.

JAMES BREATHITT, Attorney General, TOM B. McGREGOR, Asst. Attorney General, H. S. McELROY and C. T. HILL for appellant.

FINLEY SHUCK for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee was indicted in the Marion circuit court at its May term, 1910, charged with the offense of selling, bartering or loaning spirituous, vinous and malt liquors, in quantities of less than five gallons, to one Ben Lee, in the town of Lebanon, Ky., where the local option law was at the time in force.

At the conclusion of the Commonwealth's testimony, the court, on motion of appellee, gave the jury a peremptory instruction to find for him. It appears that appellee and Ben Lee, the prosecuting witness, both lived outside of the corporate limits of the city of Lebanon, and that the local option law prevailed within the corporate limits only. There was in existence what was denominated a "club," and appellee was its president. The headquarters of this club were at the old fair grounds, about one-fourth of a mile outside of the city

limits. The members of the club would meet on Thursday of each week and divide among themselves one, two or three barrels of whisky. No formalities were required of a person to become a member of the club; the person who desired whisky would see the president, appellee, and give him his name and the price of the whisky wanted at the rate of $2.45 a gallon, and five cents extra to pay for the hauling of the whiskey from the distillery to the fair grounds, and this made him a member of the club. When a sufficient number of persons had joined the club and furnished appellee with sufficient money to buy a barrel or more of liquor, he would buy it and have it hauled from the distillery to the fair grounds on the day named, where it would be divided among the members. The distillery was also located outside of the corporate limits of the city, and on the opposite side thereof from the fair grounds, and when the liquor was conveyed from the distillery to the fair grounds, it was necessarily carried through the city. Appellee paid the full price for the whiskey at the distillery, and when the barrels were emptied he would resell them to the distillery people at one dollar each. Appellee, the president of the club, spent most of his time in the city, where he received money from members of the club to buy whiskey. The prosecuting witness stated that he did not remember whether he gave him the money for the whiskey he purchased in the city or not. The person who hauled the whiskey from the distillery to the fair grounds, testified that he received one dollar for the first barrel he hauled any one day and seventy-five cents for each of the others hauled on the same day, and that upon several occasions he hauled more than one barrel. There was no testimony introduced showing that appellee sold the prosecuting witness, Ben Lee, or delivered to him any whiskey in the city of Lebanon, and for that reason, the lower court did not err in giving the peremptory instruction.

The theory of appellee is that he acted only for the accommodation of the members of the club; that he had no interest in the whiskey and was not the agent of the distillery. He contends that he did not violate any law and cites the following cases to support him: Chinn v. Commonwealth, 17 Ky. Law Rep. 1205; Belle v. Commonwealth, 28 Ky. Law Rep. 1344; Leak v. Commonwealth, 23 Ky. Law Rep. 932, and Partin v. Commonwealth, 140

Ky., 146. It was decided in these cases that one who purchases liquor for another with money furnished by the latter and who has no interest in the liquor, nor acts as agent for the seller, is not guilty of violating the law. If appellee had been indicted for selling liquor in the county of Marion without license, a different case would have been presented. The evidence shows that he furnished whiskey to the club of the value of more than $2,000.00 within, at least, nine months. The testimony shows that appellee received five cents a gallon for the hauling of the whiskey and a dollar for each of the empty barrels. The hauling cost him one dollar for the first barrel and seventy-five cents for each of the others. It is not reasonable to infer that appellee would have spent most of his time in accommodating the members of the club without some compensation. There is enough testimony introduced to put him on his defense, if he had been indicted as stated.

For .these reasons, the judgment of the lower court is affirmed.