## Caudill v. Commonwealth of Ky.

(Decided November 11, 1910.)

### Appeal from Leslie Circuit Court.

Intoxicating Liquors—Sale in Local Option County—Procuring from Another County—Liability.—One who gave money to another in a local option county to purchase whiskey for him for accommodation in another county to which he was going to buy some whiskey for himself, is not guilty of a violation of the local option law in the county where the whiskey was delivered.

J. G. BEGLEY for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Asst. Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Under an indictment for selling spirituous liquor in local option territory, the appellant was, by verdict of a jury, found guilty and his punishment fixed at a fine of $60.00. A new trial was refused him, and he asks a reversal of the judgment of conviction on the grounds: First, that the trial court did not properly instruct the jury; second, that a peremptory instruction directing his acquittal should have been given.

But one witness, Jas. A. Vernon, was introduced by the Commonwealth, and his testimony did not differ from that of appellant who testified in his own behalf. The facts as furnished by their testimony were, in substance, that they met at the residence of Mint Bailey on Wooten's creek, in Leslie county; that after a short stay at Bailey's, appellant remarked to Vernon that he was

going to Mason's creek in Perry county, six miles distant, to get some whiskey for his own use, whereupon Vernon asked him if he would buy for him a quart of whiskey, and upon his replying that he would, Vernon gave him a dollar with which to buy the whiskey; that appellant then left Bailey's, went to William Maggard's on Mason's creek in Perry county, and purchased of Maggard three quarts of liquor for himself and one quart for Vernon, at the price of one dollar per quart, paying for Vernon's quart the dollar the latter had given him; that appellant after purchasing the four quarts of liquor returned to Bailey's, arriving there about dark, and Vernon still being at Bailey's residence, appellant gave him the quart of whiskey he had purchased for him; that appellant had no interest in the whiskey sold by Maggard, was not the agent of Maggard in the sale of the whiskey, and neither received from him nor Vernon any profit or other compensation for the quart delivered Vernon, and merely acted in the transaction for the accommodation of the latter, and would not have purchased the whiskey for him but for the fact that he wished to get for his own use the three quarts he purchased of Maggard for himself.

We do not think the foregoing undisputed facts furnished any evidence that conduced to prove appellant guilty of the offense defined by sections 2557-2570 Kentucky States, and charged in the indictment.

As said in Roberson's Criminal Law and Procedure, section 671:

"The question whether one who procures liquor for another is punishable as a seller will, of course, depend upon circumstances. If it appear that the defendant had no interest in the sale, and in good faith acted as the agent and for the accommodation of the real purchaser in procuring the whiskey, he is not a seller. On the other hand, if one ostensibly procures liquor for another, but makes the transaction merely a subterfuge to cover an illegal sale of liquor by himself, he is guilty of selling. And one who receives money and delivers liquor therefor, will be treated as the seller where no other person fills that character in the transaction put in evidence."

The above statement of the law rests upon and is in accord with the views of this court as expressed in Leek v. Commonwealth, 23 R. 932; Ball v. Commonwealth, 91 S. W. 1123, and other cases. We think it manifest from

the evidence that appellant was not the owner of or interested in the whiskey he delivered the witness Vernon, nor was he the agent of Maggard in effecting the sale of the whiskey to Vernon, and there were no ear-marks indicating that the transaction was a trick, device or subterfuge resorted to for the purpose of evading the statute. Appellant was, according to the evidence, a mere agent of Vernon in procuring for him the whiskey from Maggard, and his services were enlisted for that purpose after Vernon had accidentally learned of his intention to purchase whiskey of Maggard for himself. It was not made to appear that appellant for himself received any profit or reward for the service he performed for Vernon. On the contrary, his act in purchasing the whiskey was gratuitous, and, as both testified, performed at the request of Vernon, and to accommodate him.

In view of the failure of the Commonwealth to make out its case, the trial court should have granted the peremptory instruction asked by appellant, for in the absence of any evidence conducing to prove the defendant's guilt, that court may, and should, as in a civil case, so instruct the jury. Commonwealth v. Murphy, 109 S. W. 353.

For the reasons given, the judgment is reversed and case remanded for a new trial and such further proceedings as will conform to the opinion.