### Neely v. Commonwealth.

(Decided January 18, 1911.)

### Appeal from Harlan Circuit Court.

Local Option Law.—One who solely for the accommodation of another, buys whiskey for him to drink, and who was not the agent of the seller, and had no interest direct or indirect in the whiskey sold, and there are no circumstances from which it could be inferred that the transaction was a trick, device or subterfuge resorted to for the purpose of evading the statute, is not guilty of a violation of the local option law.

W. F. HALL for appellant.

JAMES BREATHITT, Attorney General, and TOM B. M'GREGOR, Assistant Attorney General for appellee.

Opinion of the Court by Wm. Rogers Clay, Commissioner—Reversing.

This is a proceeding by information in the name of the Commonwealth against appellant, Berry Neely, for unlawfully and willfully selling, lending, giving, procur-

ing for and furnishing spirituous, vinous and malt liquors to one John Huff, in Harlan county where the local option law was in force. Appellant was tried and convicted, and his punishment fixed by a fine of $60. From the judgment of conviction he appeals.

The evidence was as folows: The prosecuting witness, John Huff, testified that less than a year before February 16th, 1910, he was on Central Street in Harlan Town, Kentucky, with appellant. He wanted a pint of whiskey to drink. He could not get it, himself, and asked Berry Neely to get it, giving him seventy-five cents with which to pay for it. Appellant then went across the street and was gone a short time. When he returned he brought the witness a pint of whiskey. Appellant and the witness drank some of the whiskey and the witness then went home, taking the balance of the whiskey. The witness did not see where appellant got the whiskey.

Appellant testified that he remembered distinctly the time and place and circumstances detailed by the Commonwealth's witness, John Huff. He was with Huff, who asked him if he could get him a pint of whiskey to drink. Told Huff he did not know whether he could get it or not, but would try to do so. Huff gave him seventy-five cents to pay for the whiskey. He then went across the street to see if he could get the whiskey. Met Joseph Cornett and asked him if he knew where some whiskey could be gotten. Chester McCreary came down the street and asked appellant if he wanted some whiskey. Appellant replied that he did, and gave McCreary the seventy-five cents which Huff had furnished. Appellant took the pint of whiskey immediately across the street to Huff, and delivered it to him. He took two drinks of whiskey with Huff. Was not at that time, nor at any other time, engaged in the sale of whiskey. He procured the whiskey for Huff as a favor and accommodation to him. Huff did not want to sell the whisky, but wanted it to drink and for no other purpose.

Joseph Cornett testified that he, too, remembered the occasion when appellant came up Central street and asked him if he knew where some whiskey could be gotten. About that time Chester McCreary came walking down the street and asked witness and Berry Neely if they wanted to buy some whiskey. They replied that they did. Berry Neely purchased a pint from McCreary, paid him for it and started back across the street in the direction from which he had come.

It will be seen from the foregoing that there is nothing in the evidence tending to show that appellant had, directly or indirectly, and interest in the whiskey which he procured and delivered to the witness, Huff. Nor does the evidence show that he was the agent of McCreary in affecting the sale of the whiskey to Huff. Nor are there any circumstances from which it could be inferred that the transaction was a trick, device or subterfuge resorted to for the purpose of evading the statute. According to the evidence of both the prosecuting witness and appellant, the latter was merely the agent for the purchaser and bought the whiskey solely for his accommodation. The evidence also shows that the whiskey was not bought or procured for the purpose of a re-sale. On the contrary, the prosecuting witness and appellant each took a couple of drinks, which doubtless consumed quite a portion of the pint. The remainder of the whiskey the prosecuting witness took home for his own use.

As there was no evidence tending to show appellant's guilt, the court erred in refusing to award him a peremptory instruction. (Caudill v. Commonwealth, 140 Ky., 556.)

Judgment reversed and cause remanded for a new trial consistent with this opinion.