## Lee v. Commonwealth.

(Decided April 26, 1911.)

### Appeal from Marion Circuit Court.

Selling Liquor Without License.—One who purchases liquor for another with money furnished by the latter and who neither has any interest in the liquor nor acts as agent for the seller, is not

a seller of liquor; but if one is pecuniarily interested in the transaction, it is a sale on his part.

BEN SPALDING and S. A. RUSSELL for appellant.

JAMES BREATHITT, Attorney General, TOM B. McGREGOR, Assistant Attorney General, T. B. BLAKEY, Assistant Attorney General, C. S. Hill and H. S. McELROY for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant, Albert Lee, was indicted, tried and fined $60.00 for selling liquor to George Johnson, in Marion County, without a license so to do.

Appellant claimed to be merely the president of a "distributing club" which operated precisely in the manner narrated in Commonwealth v. Lee, 140 Ky. 318. The appellee in that case is the appellant in this case and this indictment and prosecution grew out of one of appellant's weekly "distributions" therein described. On these occasions, from one to four barrels of whiskey would be distributed among from thirty to one hundred "members of the club," who would run together like birds, to use the language of one of the witnesses, while each member would get what he had theretofore contracted for with Lee. Lee would call from his order-book the member's name, and the quantity of whiskey he had paid Lee for, whereupon the member would march up and get his whiskey.

The only question in issue was whether Lee was conducting a club, in good faith, or was selling whiskey for a profit. The law is well settled, that one who purchases liquor for another with money furnished by the latter, and who neither has any interest in the liquor, nor acts as agent for the seller, is not a seller of liquor, and is, therefore, not guilty under a charge of selling liquor without a license. Partin v. Commonwealth, 140 Ky., 146.

In this case Lee never paid more than $2.45 per gallon for the whiskey, and always charged or collected $2.50 per gallon from the "distributees." He also paid one dollar for hauling a single barrel from the distillery to the Fair Grounds, and seventy-five cents for every additional barrel in the load; and, in return, he received one dollar from the distillery for each empty barrel.

Under this evidence the court instructed the jury they should find Lee guilty if they believed from the evidence, that he sold the whiskey to Johnson; but, if they believed from the evidence, that in taking Johnson's order, Lee was, in good faith, acting only as the agent of Johnson, and had no pecuniary interest in said whiskey, they should find Lee not guilty. As to what constituted a sale of whiskey, they were further instructed that, if they believed from the evidence beyond a reasonable doubt that Lee was pecuniarily interested in the transaction, it would be a sale on his part. The court also gave the usual instruction for the jury to find the appellant not guilty in case they entertained a reasonable doubt as to his guilt. These instructions properly presented the law of the case, and the jury were justified in finding, as they did, that appellant was not rendering this substantial service to Johnson and his bird-like fellow-members of the club out of pure benevolence, and from the kindly instincts of a loving heart.

Judgment affirmed.