## Owens v. Commonwealth.

(Decided September 26, 1911.)

## Appeal from Hardin Circuit Court

1. Intoxicating Liquors—Sale of in Violation of Law, Evidence of Guilt.—In prosecutions for violations of the liquor laws it does not require very convincing evidence to sustain a verdict of guilty, and that a jury has passed on the question we will not disturb its finding if there are any facts or circumstances upon which it can reasonably rest.

2. Same—Procuring for Accommodation.—One who solely for the accomodation of another and with his money buys whiskey for him, and who is not the agent of the seller and has no interest, direct or indirect, in the whiskey sold, is not guilty of a violation of the local option law.

3. Same—Instructions.—Under an indictment for selling liquor in violation of the local option law, the court may instruct the jury that the defendant is guilty if he sold whiskey owned by himself or that he procured it from another as the agent of such other person.

H. L. JAMES for appellant.

JAS. BREATHITT, Attorney General, CHAS. H. MORRIS and J. R. LAYMAN, Commonwealth Attorney, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Under an indictment for selling liquor in violation of the local option law, the appellant was convicted. He asks a reversal of the judgment against him on the ground that there was no evidence to support the verdict, and that the instructions were erroneous. The evidence of appellant's guilt is not satisfactory, but in this class of cases it does not and ought not to require very convincing evidence to sustain a verdict of guilty, and when a jury has passed on the question we will not disturb its finding if there are any facts or circumstances upon which it can reasonably rest.

In these cases for violating the liquor laws in territory in which the sale of liquor is prohibited, trial courts and juries have exceptional opportunity for getting at the truth, and it is not often that juries and trial courts make the mistake of convicting an innocent man. They see things as they are on the ground, and many times little circumstances and incidents that do not get into the

record and yet throw light on the question of the guilt or innocence of the accused are brought to their attention during the trial and help them to dispense justice according to the right of the case. Of course, in these as in all other cases, there are certain principles of law to be applied, and by these principles the guilt or innocence of the defendant is to be determined. But, when the law is correctly given by the court, and the only question before us is whether or not the evidence warrants a conviction, we are strongly disposed to leave the settlement of this matter to the jury.

The evidence shows that appellant was approached in the city of Elizabethtown by one W. H. Nall, who testifies that he gave appellant $1.50 and asked him to get some whisky for him, and he said he would; and soon afterwards, appellant returned and delivered to Nall four half-pint bottles of whiskey. Nall did not know where appellant got the whiskey, or who, if any person, he obtained it from. Appellant testified that he got the whiskey for Nall from a man named Neighbors, who was dead at the time of the trial; that he had no interest in the whiskey, and gave to Neighbors the $1.50 given to him by Nall. He also said that he had been in the habit of going to Neighbors and getting whiskey for himself and others who wanted it. It was also shown by the evidence of the appellant that he was in the habit of ordering whiskey in quantities of one or two gallons and more, and other answers made by appellant to questions asked him on his cross-examination leaves the impression that he was not engaged in any regular employment, but devoted a good deal of his time and attention to getting whiskey for himself and others. It is true that appellant testified positively that he had no interest in this whiskey, merely getting it from Neighbors at Nall's request and for him, but the jury had the right to consider in connection with this the other admissions of appellant, that he had no regular employment and ordered whiskey in quantities larger than a person would ordinarily get for his own use—and that he had on several occasions gotten whiskey from Neighbors and for other persons—and that in going to Neighbor's house on this occasion he went, not directly, but in a round-about way, and from these circumstances they had the right to believe that appellant either sold to Nall whiskey owned by him or that in procuring it he was acting as agent for Neighbors, in either of which events he was guilty of

violating the law, and the court so instructed the jury. In Caudill v. Commonwealth, 140 Ky., 556, and Neely v. Commonwealth, 141 Ky., 604, as well as in other cases, we have said that one who solely for the accommodation of another buys whiskey for him with his money, and who was not the agent of the seller, and had no interest direct or indirect in the whiskey sold, and there are no circumstances from which it can be inferred that the transaction was a trick, device or subterfuge resorted to for the purpose of evading the statute, is not guilty of a violation of the local option law and while adhering to the rule announced in those cases, we are nevertheless of the opinion that there was evidence sufficient to support the verdict against the appellant, and that the instructions were correct.

Wherefore, the judgment is affirmed.