### Peacock v. Newton, et al.

(Decided September 27, 1911.)

### Appeal from Bullitt Circuit Court.

Action in Equity—Chancellor's Finding—Evidence.—In an action enforce a vendor's lien, evidence examined and held to support the chancellor's finding that the purchase money had been paid.

WM. McKEE DUNCAN for appellant.

J. F. COMBS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

By deed dated February 11th, 1899, appellant, Isaac Peacock, and his wife, Sudie Peacock, sold and conveyed to appellees, Rolla E. Newton and Anna E. Newton, a certain tract of land lying in Bullitt county, Kentucky. The consideration was $225. Of this amount $75 was due the administrator of D. M. Bates on a judgment which the grantees agreed to assume and discharge, while the balance of $150 was due and payable to Isaac Peacock on or before April 15th, 1899. To secure the payment of the purchase money a lien was retained. The deed was duly recorded in the Bullitt county clerk's office.

On November 29th, 1909, appellant Peacock brought

this action against appellees for a recovery of the balance of the purchase price. Appellant charged in his petition that the purchase price was $250,and that of this sum only $66.52 had been paid. He asked that the land be sold and that the proceeds of the sale be applied to the payment of his debt, interest and costs. For defense appellees answered that the consideration was $225 and pleaded that it had been fully paid. The affirmative allegations of the answer were denied by reply. Proof was taken, the case submitted, and judgment rendered in favor of appellees. From that judgment this appeal is prosecuted.

Appellee, Rolla E. Newton, testified that, a short time after the execution and delivery of the deed, he learned that Isaac Peacock wanted his money. He borrowed the money from his father and then sought appellant. Appellant told him that he could not go to Shepherdsville, but that he (appellee) would find the note at the office of the clerk of the Bullitt County Court, and that Mrs. Peacock would be there to receive the money. Subsequently appellee met Mrs. Peacock at the clerk's office. There, in the presence of the clerk, W. B. Tilden, and appellant's wife, he laid the money upon the table and requested the clerk to count it. The clerk counted the money and then turned it over to Mrs. Peacock. On the same occasion the note which he had executed to appellant for the $150 was delivered to him by the county clerk. Filed with his deposition is a note for $150, payable to Isaac Peacock, bearing date February 11th, 1899. Upon this note the signature had been torn.

Kate Peacock, who is a sister-in-law of appellant, testifies that, in August, 1899, she was present and heard appellant promise appellee that on the following day he would go to Shepherdsville and release the lien on the land; that nothing was said about the payment of any money.

A. Jackson, appellant's brother-in-law, testifies that appellant told him on one occasion that he had gotten the money, but that if he could get the farm back he was going to do so.

W. B. Tilden, who was formerly clerk of the Bullitt County Court, testifies that, upon one occasion, Rolla Newton and Mrs. Sudie Peacock, appellant's wife, came to his office in Shepherdsville. While there Newton took some money out and laid it on the table, and asked wit-

ness to count it. Witness counted the money and found that there was $150. He then pushed it over to Mrs. Peacock. She started to roll it up, whereupon he opened his drawer and gave her an envelope and told her to fold the money and put it in the envelope, which she did.

For appellant the evidence is to the effect that he never authorized his wife to receive any money from appellee, and he had never received any from her. He claims that no note was executed for the deferred purchase money. He admits that during the ten years that had elapsed from the execution of the deed he had not demanded the balance of the purchase money from appellee. He accounts for this by saying he had forgotten it. Three or four witnesses who were present when the deed was executed also claimed that no note was executed. One witness further stated that appellee Newton had admitted to him that he had not paid all on the land. When the statement of the last witness was called to the attention of appellee he admitted the statement, but said he referred to the money due his father which he had borrowed to pay for the land.

Counsel for appellant insists that the payment to Mrs. Peacock, if made, was unauthorized and did not, therefore, discharge the indebtedness. There is proof of authority, however. Appellee testifies that appellant told him that his wife would meet him at the clerk's office of Bullitt County and receive the money. After this declaration by appellant, appellee had a right to pay the money to appellant's wife, and the payment to her who had been authorized to receive it was a payment to appellee. Upon this point we see no reason to doubt appellee's statement. In all other particulars he is fully corroborated. On the one side is the positive and straightforward statement of appellee and the former county clerk, that the $150 was paid to Mrs. Peacock, while on the other side is appellant's simple denial, which is weakened by his admission that his wife had received the money, and by his singular lapse of memory which caused him, for a period of over ten years, to overlook the fact that so considerable a sum of money was due him. In the light of these facts, we conclude that the evidence fully supports the finding of the chancellor.

Judgment affirmed.