### Simpson v. Commonwealth.

(Decided January 9, 1913.)

### Appeal from Harlan Circuit Court.

Witnesses—Credibility of—Inference of Jury from Circumstances—Intoxicating Liquors—Verdict.—The jury may infer from the circumstances that the defendant was directly or indirectly interested in the sale of whiskey in violation of the local option law, where his defense is that he procured it for another simply for accommodation, and the verdict of the jury refusing to credit his testimony will not be disturbed on appeal, as the credibility of the witnesses is for the jury.

J. S. FORESTER, for appellant.

JAMES GARNETT, Attorney General, and CHAS. H. MORRIS, Asst. Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Rufus Simpson was indicted in the Harlan circuit court charged with the offense of selling whiskey to John Cox in violation of the local option law. The proof on the trial by Cox was in substance that he went to Simpson and asked him for some whiskey. Simpson said he did not have any whiskey himself; Cox asked if he could get some whiskey for him; Simpson said that he could. Cox then gave him seventy-five cents, and he went away and was gone about fifteen minutes, and when he came back, he handed Cox a pint of whiskey. Simpson testified that he knew that Dan Ledford had some whiskey, and he went from his place of business to where Ledford was; gave Ledford the seventy-five cents and Ledford gave him the whiskey, and he took it back to Cox and delivered it to him; that he had no interest in the whiskey, and simply got it for Cox as an accommodation. Harmon Crawford testified that he was with Ledford when Simpson came; that Simpson gave Ledford the seventy-five cents and got the whiskey for him and then took it to Cox, Crawford going along with him about three hundred yards from the place where he got the whiskey until he delivered it to Cox. On this evidence

the court instructed the jury in substance that if they believed from the evidence beyond a reasonable doubt that Simpson sold the whiskey to Cox, they should find him guilty; but that if he, for the accommodation of Cox, took Cox's money and procured the whiskey from another person for Cox and delivered it to Cox, and that Simpson had no interest either directly or indirectly in the whiskey and derived no profit from the transaction, the jury should find him not guilty. The jury found him guilty, and the court, having entered judgment upon the verdict, Simpson appeals.

There are no exceptions to the evidence introduced on the trial. The instructions of the court are clear, and admirably submitted the law of the case to the jury; so practically the only question on the appeal is whether the verdict should be set aside on the ground that it is against the evidence. The jury saw and heard the witnesses. Often there is much in the demeanor of a witness to affect his credibility before the jury. No reason was shown why Simpson should have left his place of business for fifteen minutes and gone three hundred yards to get whiskey for Cox, and no reason was shown why Cox could not have gone and gotten it himself. The jury are the judges of the credibility of the witnesses and they may judge of the real motives actuating a party from the circumstances surrounding the transaction. In Owens v. Com., 144 Ky., 550, Lee v. Com. 143 Ky., 355, we refused to set aside verdicts based on similar evidence, and we do not see that this case can be distinguished from them.

Judgment affirmed.