## Pope v. Commonwealth.

(Decided April 22, 1913.)

### Appeal from Leslie Circuit Court.

1. Intoxicating Liquors—Offenses—Purchasing or Procuring For Another—Place of Sale—Persons Liable—Agents or Servants.—Any one purchasing or procuring for another, either as the agent of the buyer or the seller, for or without compensation, intoxicating liquors where the local option law is in force, is subject to the penalties prescribed by Chap. 146, Acts 1912.

2. Intoxicating Liquors—Constitutionality of Act.—Chapter 146, Acts 1912, imposing a penalty on the middleman between the boot-legger and his customers, abridges no right of any citizen and is not an unreasonable exercise of the legislative power.

3. Intoxicating Liquors—Criminal Prosecutions—Evidence—Weight and Sufficiency—Agency—Question for Jury.—In a prosecution for purchasing or procuring intoxicants for another, in local option territory, evidence held sufficient to submit case to the jury. There being no contrariety of evidence as to the agency of the accused, the trial court, might with propriety, have declined to submit that question to the jury.

CLEON K. CALVERT for appellant.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The appellant was indicted, tried and convicted for violating the local option law in Leslie county. Judgment being pronounced upon the verdict, he appeals and seeks a reversal upon two grounds: First, because of alleged error of the trial court in refusing to peremptorily instruct the jury to find him not guilty; and second, because the instructions given were erroneous.

There is no dispute as to the facts, which are as follows: In the latter part of July, 1912, Robert Walker learned that appellant was going to Wootons Creek, and, knowing that whisky could be procured there, asked him to bring him a quart. Upon receiving a favorable answer, he gave to appellant a dollar to pay for the whisky. Appellant bought the whiskey, paid for it, and, upon his return, delivered it to Walker. He received no pay for this service, and drank none of the whisky. It is conceded that the transaction was one purely of accommodation on appellant's part. The local option law is in force in Leslie county and at Wootons Creek, where the whisky was bought.

The opinions of this court in the cases of Caudill v. Commonwealth, 140 Ky., 556; Neely v. Commonwealth, 141 Ky., 604, and Owens v. Commonwealth, 144 Ky., 552, are relied upon as authorities justifying the giving of a peremptory. Previous to the enactment of Chapter 146 of the Acts of 1912, the acts proved constituted no offense. But Chapter 146 of the Acts of 1912 provides:

Section 1. "That it shall be unlawful for any person, firm or corporation to purchase or procure for another, spirituous, vinous, malt or other intoxicating liquors, mixtures or decoctions, either as the agent of the buyer or the agent of the seller of said liquors, mixtures, or decoctions, either for or without compensation, in any county, district, precinct, town or city, where the sale of intoxicating liquors has been prohibited or may be prohibited, whether by special act of the General Assembly or by vote of the people under the local option law of the State.

Section 2. "Any person, firm or corporation violating section one of this act or any part thereof shall be fined not less than sixty dollars or no more than one hundred dollars, and not less than ten or no more than forty days imprisonment in the county jail, either fine or imprisonment or both within the discretion of the court or jury trying the case.

Section 3. "The provisions of this act shall not apply to common carriers who in good faith deliver intoxicating liquors, in quantities not to exceed five gallons at one time, to regular licensed and practicing physicians and druggists in local option territory. Provided, however, that the provisions of this act shall not apply to such liquors prescribed on prescription from regular practicing physician."

This legislation was evidently enacted to meet cases of the class here presented, and to prevent any one from purchasing or procuring for another intoxicants of any character, at any place in this State where the local option law is in force; and it is no defense to a charge of violation of the provisions of the act that the transaction was one of accommodation purely. Under the old statute, it was a punishable offense to purchase or procure intoxicants for pay in local option territory, but it was held not to be an offense, if the act of purchasing or procuring was simply a matter of accommodation. In the practical working of the statute, it was found to be ineffectual. Instead of preventing intoxicants from being sold in local option territory, it, in many instances, afforded protection to those desiring to violate the law. To remedy this evil, the statute above quoted was enacted.

It is not an unreasonable exercise of the legislative power, and indeed, counsel for appellant does not so charge. It, in no sense, unreasonably abridges the right of any citizen, but, on the contrary, is calculated to relieve him of what, at times, may be a source of annoyance. It simply removes, as it were, the go-between, the middleman between the boot-legger and his customers. Clearly the peremptory should not have been given.

It is insisted that appellant is not brought within the provisions of the statute, for he was not the agent of either the buyer or the seller. He was not acting for himself in the matter. He was, therefore, necessarily making the purchase and delivering the whisky for some one else. Under the admitted facts, this was either the buyer or the seller. The seller had not sought his services, whereas the buyer had. In Neely v. Commonwealth and Owens v. Commonwealth, *supra,* where this court had under consideration a state of facts simliar to that here presented, it was held that one, occupying a position similar to that occupied by appellant in this litigation, was the agent of the buyer. He was acting for him, and the fact that he received no compensation is immaterial. He

represented the buyer; stood in his stead; handled his money; received the goods for him; and finally delivered them to Walker, his principal. The transaction possesses the necessary elements to constitute him the agent of Walker, and the court, under the facts admitted, might, with propriety, have declined to submit the question of agency to the jury, but, in abundance of caution, did so and authorized a conviction only in the event that the jury found that appellant was acting as agent, either for the buyer or the seller, in the transaction.

Perceiving no error in the conduct of the trial, the judgment is affirmed.