[Crim. No. 1996.    In Bank.—December 26, 1916.]

THE PEOPLE, Respondent, v. J. S. WINKLER, Appellant.

CRIMINAL LAW—CONSTRUCTION OF LOCAL OPTION LAW—SALE OF LIQUOR
IN NO-LICENSE TERRITORY.—Three acts are declared unlawful by
section 15 of the local option law (Stats. 1911, p. 599), i. e., soliciting
orders, taking orders, or making agreements "for the sale or de-
livery of alcoholic liquors." The words "for the sale or delivery,"
etc., qualify all three of the acts.

ID.—SUFFICIENCY OF INDICTMENT.—An indictment for a violation of the
local option law which charges that defendant on or about a cer-
tain day in a certain county did "take an order from, sell, and
deliver to one M. Hamilton, alcoholic liquor," within a supervisorial
district which was no-license territory, is not demurrable on the
ground that it charges more than one offense and that the several
offenses are not stated in separate counts, as the pleading charges
nothing more than a sale under section 13 of the act, and does not
attempt to allege that defendant took an order "for the sale or
delivery of liquor."

ID.—PURCHASE OF LIQUOR NOT PROHIBITED—PURCHASE OUTSIDE OF AND
BRINGING INTO NO-LICENSE TERRITORY—ACTING THROUGH AGENT.—
The local option law prohibits the sale of alcoholic liquors but not
their purchase; it does not prohibit one from purchasing such
liquors outside of no-license territory and bringing them within
such territory for his own consumption, and if one may do this
personally, he may do it through an agent.

ID.—INSTRUCTIONS—DEFENDANT ACTING AS AGENT FOR ANOTHER.—In
such a case the defendant is entitled to have the jury charged that
if he, in purchasing the liquor outside of the no-license territory
described in the indictment, acted on behalf of and as the agent
of the prosecuting witness, having no interest in the liquor, and de-
riving no profit from the transaction, he was not guilty of "selling"
such liquor to the prosecuting witness.

APPEAL from a judgment of the Superior Court of Glenn
County, and from an order denying a new trial. William
M. Finch, Judge.

The facts are stated in the opinion of the court.

George R. Freeman, and Frank Freeman, for Appellant.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy
Attorney-General, and Ben F. Geis, District Attorney, for
Respondent.

SLOSS, J.—The defendant having been convicted of a violation of the local option law (Stats. 1911, p. 599), appeals from the judgment and from an order denying his motion for a new trial.

The indictment charged that the defendant on or about the twentieth day of November, 1914, in the county of Glenn, did "take an order from, sell and deliver, to one M. Hamilton, alcoholic liquor," within a supervisorial district which was no-license territory.

The defendant demurred to the indictment on the ground that it charged more than one offense, and that the several offenses were not stated in separate counts. (Pen. Code. sec. 954.) Section 13 of the act makes it unlawful to "sell, furnish, distribute or give away," within the boundaries of any no-license territory, any alcoholic liquors, except in certain cases specified in section 16. Section 15 makes it unlawful, within such territory, "to solicit orders, take orders or make agreements for the sale or delivery of alcoholic liquors." The claim is that the indictment charges a sale under section 13, and also the taking of an order under section 15. It is not necessary to decide whether the offenses described in these sections may properly be joined in a single count. We are satisfied that the indictment did not contain the elements necessary to constitute a charge of "taking an order" under section 15. Three acts are there declared unlawful, i. e., soliciting orders, taking orders or making agreements "for the sale or delivery of alcoholic liquors." The words "for the sale or delivery," etc., qualify all three of the acts. The indictment merely charges that the defendant took an order from Hamilton, and sold and delivered liquors to him. There is no attempt to allege that he took an order "for the sale or delivery of liquor." Since the act does not, in section 13 or elsewhere, prohibit the "delivery" of liquors, the pleading charges nothing more than a sale under section 13, and the case should have been submitted to the jury on the issue of sale alone. The words "taking an order from" may well be treated as surplusage. In this view, the indictment charges but a single offense.

Was the defendant properly convicted of the offense of selling intoxicating liquor within no-license territory? There is little or no dispute regarding the facts. Winkler conducted a general merchandise store at Hamilton City in Glenn

County. This was no-license territory under the law. The city of Chico, in Butte County, a few miles distant, was ''wet'' territory. M. Hamilton, named in the indictment as the person to whom the sale was made, was a detective employed to discover violations of the local option law. Hamilton asked the defendant Winkler to procure for him at Chico a bottle of whisky, and deliver it to him at Hamilton City. The defendant stated that he did not make a business of it, but did it for some of his customers. He requested Hamilton to sign a blank form or order which, when filled out and signed, read as follows:

''John Daley, 426 Third Street, Chico, Cal:

''I hereby purchase from you at your store in Chico One Bottle Beverage. I hereby appoint J. S. Winkler my special agent for the transportation of these goods from your store, 426 Third street, Chico, to my home, and you are hereby authorized and instructed to deliver them to him for me at ......

''(Signed) D. O. MILLS.''

(The name ''D. O. Mills'' was assumed by Hamilton.)

At the same time, Hamilton handed Winkler one dollar, the price of the whisky. Winkler went to Chico to attend to business of his own, obtained the bottle of whisky from Daley, the person named in the order, paying him the dollar, returned to Hamilton City and handed the bottle of whisky to Hamilton. There was evidence that the order signed by Hamilton was on a prepared form, on which the name and address of Daley were printed. The name of Winkler, and the words ''One Bottle Beverage'' were written in. It was also testified that Winkler had a number of these blanks in his possession.

The court refused to give three instructions requested by the defendant. These instructions presented, in different forms, the proposition that if the defendant, in purchasing the liquor outside of the no-license territory described in the indictment, acted on behalf of and as the agent of the prosecuting witness, having no interest in the liquor, and deriving no profit from the transaction, he was not guilty of ''selling'' such liquor to the prosecuting witness. No instructions of similar purport were given by the court. The defendant was entitled to have the jury charged on these lines, even if the instructions as framed were subject to the rather technical and minute criticisms suggested by respondent. (*State* v.

*Turner,* 83 Kan. 183, [109 Pac. 983].) It may be that the evidence warranted an inference, on the part of the jury, that the course of procedure adopted by Winkler was a mere pretext for covering sales of liquor made by him either for himself or for Daley, and that in fact he was not an agent of the purchaser. But under the evidence, the jury might have found that the transaction was *bona fide,* and precisely what Winkler represented it to be. The statute prohibits, in section 13, the sale of alcoholic liquors. It does not prohibit their purchase. More specifically, it does not prohibit one from purchasing intoxicating liquors outside of no-license territory, and bringing them within such territory for his own consumption. If a man may do this personally, he may do it through an agent. Hamilton had the right to buy liquor in Chico and bring it to Hamilton City for his own use. If he did this through Winkler, acting as his agent, neither he nor the agent was guilty of a violation of the law. This conclusion is supported by the uniform current of authority. We cite a few cases. (*State* v. *Lynch,* 81 Ohio St. 336, [28 L. R. A. (N. S.) 334, 90 N. E. 935]; *Strickland* v. *State* (Tex. Cr.); 47 S. W. 720; *Reed* v. *State,* 3 Okl. Cr. 16, [24 L. R. A. (N. S.) 268, 103 Pac. 1070]; *Partin* v. *Commonwealth,* 140 Ky. 146, [130 S. W. 968]; *Lee* v. *Commonwealth,* 143 Ky. 355, [136 S. W. 624]; *Simpson* v. *Commonwealth,* 151 Ky. 442, [152 S. W. 255]; *State* v. *Cullins,* 53 Kan. 100, [24 L. R. A. 212, 36 Pac. 56]; *State* v. *Turner,* 83 Kan. 183, [109 Pac. 983]; *Davis* v. *State,* 53 Tex. Cr. 373, [109 S. W. 938]; *Evans* v. *State,* 55 Tex. Cr. 450, [117 S. W. 167].)

It was the defendant's right to have the jury pass upon this question of agency, under instructions that, if he was acting solely as the agent of the purchaser of the whisky, he could not be convicted of making a sale of it to such purchaser. The refusal to give such instructions was highly prejudicial.

The judgment and the order denying a new trial are reversed.

Shaw, J., Melvin, J., Henshaw, J., Lorigan, J., Lawlor, J., and Angellotti, C. J., concurred.