**STATE, Plaintiff-Appellee, v. SOLOMON, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4628.   Decided February 20, 1952.

Richard W. Gordon, City Atty., Glenn E. Kemp, Police Prosecutor, J. Russell Leach, Asst. City Atty., Columbus, for plaintiff-appellee.

Howard H. Gillard, Columbus, for defendant-appellant.

## OPINION

By WISEMAN, J.

This is a law appeal from the Municipal Court of Columbus from a conviction on a charge of selling intoxicating liquor without a license.

In response to a complaint a police officer called at defendant's residence and asked the defendant whether she had any whiskey; the defendant stated that she did not have any whiskey; then the officer asked the defendant to get the whiskey for him and gave her money; she then stated she would get the whiskey for him; whereupon she left the residence and in about five to ten minutes thereafter returned with the whiskey and delivered it to the police officer and, also, the change.

Where the evidence shows that the defendant delivered the whiskey and accepted the money therefor upon the solicitation of the purchaser, who was a police officer, a strong inference arises that the defendant made the sale, and the conviction will not be set aside on the ground that defendant acted as an agent for the purchaser. Johnson v. State, 77 S. W. (Tex.) 225; State v. Turner, 83 Kan. 183, 109 P. 983; State v. Russell, 6 Pen. 573 (Del.), 69 A. 839; Ledbetter v. State, 143 Ala. 52, 38 So., 836; Wiley v. State, 74 Miss. 727, 21 So. 797.

The fact that a police officer made the purchase does not constitute entrapment under the law of Ohio. **State v. Miller, 85 Oh Ap 376; State v. Schubert, 80 Oh Ap 132; Davis v. State, 26 Oh Ap 340;** State v. Foster, 75 N. E. (2d) 214; **Vol. 12, O. Jur. page 80, Sec. 38.** See also Vol. 15 Am. Jur. page 24; Vol. 22 C. J. S. Sec. 45, pp. 99, 102.

Finding no prejudicial error in the record the judgment is affirmed.

HORNBECK, PJ, MILLER, J, concur.