## POPE *v.* STATE.

### [67 South. 177.]

1. INTOXICATING LIQUORS. *Offense. Instructions. Unlawful sale. Prosecution. Affidavits. "Intoxicant." Appeal. Waiver of error.*
   Where the testimony showed that defendant was given two dollars to buy whiskey for 'another, which he did, delivering the whiskey and the change, an instruction that if accused received the money from another and delivered whiskey to such person, he was guilty, is not misleading in the light of the evidence in this case, though the mere delivery of the whiskey itself is not ordinarily sufficient to constitute a sale. ..

2. INTOXICATING LIQUORS. *Offense. Unlawful sale.*
   Where accused purchased intoxicating liquor and delivered it to another in a place where the sale was unlawful, he is guilty of selling intoxicating liquors, though he purchased the liquor as the agent of another.

3. INTOXICATING LIQUORS. *Affidavit. Sufficiency. "Intoxicant."*
   An affidavit charging that accused did unlawfully sell one pint of "intoxicant" liquors, will support a conviction, although the word "intoxicant" is a noun meaning that which intoxicates, and should not be used to modify the noun liquors, for accused must have understood that it was intended to charge him with the sale of intoxicating liquors.

4. APPEAL. *Waiver of error.*
   Where an assignment of error is not mentioned in the brief of counsel, it will be considered as waived.

APPEAL from the circuit court of Panola county.
HON. N. A. TAYLOR, Judge.

Frank Pope was convicted of unlawful selling of intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*Shands & Montgomery,* for appellant.

*Ross A. Collins,* Attorney-General, for the state.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of the crime of unlawful retailing. There was no evidence introduced on behalf of appellant. According to the evidence introduced on behalf of the state, appellant was given two dollars by Ben Chamblin with which to purchase for Ben a fifty-cent bottle of whiskey. This he did, delivering the whiskey to Ben, together with the one dollar and fifty cents remaining of the money given him with which to make the purchase.

The first assignment of error is that the court erred "in giving instruction No. 1 asked by the state," which instruction is in the following language:

"The court instructs the jury for the state that if they believe from the evidence, beyond a reasonable doubt, that in the town of Sardis, on or before the 25th day of July of 1913, defendant received fifty cents, or any other sum of money, from Ben Chamblin, for which he (defendant) delivered to said Ben Chamblin one pint of whiskey, then he is guilty as charged, and the jury should so find."

The objection to this instruction is that the mere delivery of the whiskey was not of itself sufficient to constitute a sale; delivery being only one of the elements necessary therefor. This is true as an abstract proposition; and had there been evidence of a delivery other than as a part of a sale, or that the fifty cents was given appellant merely for delivery of whiskey, with the purchase of which he was in no way connected, it may be that this objection would not be without merit; but, when viewed in the light of the uncontradicted evidence, the instruction should not have misled the jury.

Appellant is clearly guilty within the rule announced in *Wortham* v. *State*, 80 Miss. 205, 32 So. 50. While it is true that no witness saw him purchase the liquor, it

is manifest that, if he purchased it as he agreed to do, it must have been in the town of Sardis, and therefore in a place where the sale of liquor was prohibited, for he returned with it within fifteen minutes after receiving the money.

The second assignment of error is that the court erred ''in overruling defendant's motion in arrest of judgment.'' The affidavit upon which appellant was tried alleged that he ''did unlawfully and willfully sell one pint of intoxicating liquors to Ben Chamblin,'' etc.; and the ground of this motion in arrest of judgment is that, because of the use of the word ''intoxicant'' instead of the word ''intoxicating,'' the affidavit failed to charge appellant with the commission of any crime known to the law. In the brief of counsel for appellant it is said that: ''The word 'intoxicant' is a noun, and is descriptive of nothing, when used to modify another noun, as in the affidavit in this case. Great precision should be observed in matters which vitally affect the life and liberty of a citizen. While it is not always necessary to follow the langauge of the statute in drawing indictments under statutory crimes, it is essential that words substantially synonymous should be used, and that an intelligent charge be described in the pleading.''

It is true that ''intoxicant'' is a noun, and that the rules of grammar were violated by its use in this connection; but we know of no rule of law which requires an affidavit or indictment to be quashed or held to be a nullity merely because the rules of grammar were not observed in drafting it. The word ''intoxicant'' is defined as ''that which intoxicates; an intoxicating agent, as alcohol, opium, etc.'' Webster's International Dictionary. Appellant could not therefore have failed to understand that by the affidavit he was charged with the selling of liquors that intoxicate; and, if there is any difference between the meaning of such an allegation

and ,one charging him with selling "intoxicating liq-
uors," we fail to perceive it.

The assignment of errors contains two other grounds,
neither of which are mentioned in the brief, and must
therefore be considered as waived.

*Affirmed.*