### RIGGS v. STATE OF INDIANA.

[No. 25,219.    Filed November 1, 1927.    Rehearing denied
January 12, 1928.]

1. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain charge of furnishing liquor to two persons.*—Evidence *held* sufficient to sustain conviction on charge of furnishing intoxicating liquor to two persons (§2717 Burns 1926), although it may not have been sufficient to sustain a charge of selling such liquor to both persons, and, therefore, was sufficient where the affidavit charged both selling and furnishing.   p. 625.

2. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain charge of furnishing liquor to two persons although sale was made to one only.*— Where two persons went together to defendant's premises, both asked him for some whisky, and he went to another part of the

premises and returned with a bottle of liquor, which he handed to one of them, and received the pay from that one, *held* that the evidence showed a furnishing to both, even though the sale was made to one only. p. 625.

From Vanderburgh Circuit Court; *William C. Welborn*, Special Judge.

Amos D. Riggs was convicted on an affidavit charging that he sold, bartered, exchanged, gave away and furnished intoxicating liquor, and he appeals. *Affirmed.*

*Thomas W. Lindsey*, for appellant.
*Arthur L. Gilliom*, Attorney-General and *Dale F. Stansbury*, for the State.

GEMMILL, J.—It was charged by an affidavit that the appellant on or about November 14, 1925, in Vanderburgh county, did unlawfully sell, barter, exchange, give away and furnish to Ferris Jay and Charles Nutter intoxicating liquor. The affidavit was executed by said Ferris Jay. The alleged crime was in violation of Acts 1925, ch. 48, §4, §2717 Burns 1926.

The only assignment of error presented is that the court erred in overruling appellant's motion for a new trial. It is claimed that the verdict of the jury was not sustained by sufficient evidence, for the reason that the evidence showed that the sale was not a joint sale to Jay and Nutter, but was made only to Nutter.

The evidence was as follows: Charles Nutter testified: I am a United States prohibition agent, and was on November 14, 1925, on which day Ferris Jay, another federal prohibition agent, and I visited the premises of the defendant in the city of Evansville. Met Mr. Riggs in the hall. I told him: "I come to purchase half a pint of liquor." He looked us over and said he didn't know us. I gave him some reference and he called us out into the dining room and we went in the dining room. He went and got the liquor from the next room, brought

the liquor in and gave it to me. I paid him $1.25 for it. The liquor was colored whisky. Took it to our room, sealed it, labeled it and marked it for identification. Officer Jay and I went there together for the purpose of buying the whisky, both of us were present all the time during the transaction, and both of us had conversation with the defendant.

Ferris Jay testified: On November 14 last, I was a federal prohibition agent. Was working at Evansville with Officer Nutter. Mr. Nutter and I visited the premises of defendant on that day. Saw Mr. Riggs. I said to him: "Can we get half-pint of whisky." He took a handkerchief out of his pocket, wiped his eyes, and said: "I don't believe I ever seen you boys before. I don't know you." Mr. Nutter gave him a piece of paper and he went and tried to telephone. Then he called us into the second room from the front or at the end of the hall, and said: "Have chairs and I'll get the liquor for you." He went to another room and brought the half-pint back to us and started to hand it to me. Mr. Nutter had the money in his hand, so he handed it to him. Mr. Nutter paid him. Brought it straight to the room, sealed it, labeled it and marked it for identification. Broke the seal this morning at the county jail and tested it. It contains fifty per cent. alcohol by volume. After the purchase, I asked him if that was pretty good stuff. He said, "Yes, I've never had any complaints on it."

In Black, Intoxicating Liquors §503, the following is stated:

> "But where the statute prohibits the selling, giving away, or furnishing liquor, in such terms that an indictment under it may allege all these acts conjunctively, without duplicity, then, although the evidence may not clearly make out a sale, it does not follow that the defendant must

be acquitted; for if it tends to establish either a sale or a furnishing, it must go to the jury." *State* v. *Hassett* (1891), 64 Vt. 46, 23 Atl. 584.

By the evidence, it was shown that Nutter and Jay went together to the premises of appellant, on the day named in the affidavit, for the purpose of buying 1, 2. whisky. Nutter told appellant why he had come there; and Jay said to him: "Can we get half-pint of whisky?" Appellant seemed to regard both of them as interested parties as he said he had not seen them before and did not know them. When he was ready to deliver the bottle of liquor, he started to hand it to Jay, but seeing that Nutter had the money, he gave it to him. Both were present during the entire transaction. They took the bottle of liquor to their room, where they sealed it and marked it for the purpose of identification. The evidence was sufficient to support the charge that appellant furnished intoxicating liquor to both of the parties named in the affidavit. As the furnishing of the liquor was to both of them, it is not necessary for this court to decide to whom the sale was made. It was not error to overrule the motion for a new trial.

Judgment affirmed.